COLLIER *v.* MISSISSIPPI BENEFICIAL LIFE INSURANCE CO.

Opinion delivered April 28, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDINGS.—Findings of the circuit court on disputed questions of fact are conclusive on appeal.

2. JUDGMENT—ACTION TO SET ASIDE—EVIDENCE.—In an action under Crawford & Moses' Digest, § 6290, subdiv. 7, to set aside a judgment, evidence that the judgment was taken without notice to the judgment-defendant after settlement with its agent, and at a time when the agent's successor was new in the field and without knowledge of the pending suit, *held* to warrant setting it aside.

3. JUDGMENT—MERITORIOUS DEFENSE.—In an action to set aside a judgment for $3,250, proof of an agreement to settle the claim for $75 and of partial performance thereof *held* a. sufficient showing of a meritorious defense.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; affirmed.

*Arthur D. Chavis,* for appellant.

One seeking to vacate a judgment on grounds of fraud assumes the burden of proving it. 93 Ark. 462; 75 Ark. 415; 124 Ark. 278; 133 Ark. 97. In order to

vacate a judgment after the term, the moving party must show, not only the fraud upon which he bases his action to set aside the judgment, but also a valid defense to the original action. 138 Ark. 403. The valid defense must not only be alleged, but so adjudged. 120 Ark. 255; 114 Ark. 403; 33 Ark. 454; 97 Ark. 314; 139 Ark. 408. A litigant must keep himself informed of the progress of his case, and before he can be granted relief against a judgment on the ground of unavoidable casualty, or fraud, preventing him from defending, he must show that he himself was not guilty of negligence, and not wanting in diligence. 114 Ark. 493. Parties are charged with notice of the dates upon which courts convene in regular term. 106 Ark. 230. And will not be relieved against the legal consequences of their own default, except to enable them to interpose meritorious defenses when themselves not chargeable with neglect or delay. 5 Ark. 183; 123 Ark. 443; 102 Ark. 253; 83 Ark. 17; 73 Ark. 281.

*A. F. Triplett* and *Caldwell & Ross,* for appellee.

The evidence in this case fully warranted the court in setting aside the judgment. After receiving the money under the compromise agreement, counsel for appellant could not both repudiate the compromise and retain the money paid to effectuate such settlement. It being undisputed that he retained the money, the court correctly set aside the judgment. 51 Pac. 896, 59 Kan. 771. To justify setting aside a decree rendered at a former term, it is not necessary that actual fraud be shown; it is sufficient if facts and circumstances are proved from which constructive fraud can be inferred, if thereby the party seeking to avoid the decree was induced to make no appearance in the cause. 104 N. W. 942, 74 Neb. 620. A judgment will be vacated if the unsuccessful party has been prevented by his adversary's fraud or deception from exhibiting his case fully. 180 Fed. 137. See also 85 N. E. 984, 42 Ind. App. 428; 73 Ark. 281. The granting or refusing an application to open, vacate or set aside a

judgment is generally within the sound discretion of the trial court, and that discretion will not be disturbed on appeal, except upon a clear showing of abuse. 15 R. C. L. 720, 721-722.

McCulloch, C. J. This is an appeal from a judgment of the circuit court setting aside a judgment of the court rendered at a former term, and granting a new trial, pursuant to the seventh subdivision of § 6290, Crawford & Moses' Digest. The original judgment was in favor of appellant against appellee for the recovery of the sum of $3,250, and appellee filed a petition to set aside the judgment in accordance with the statute.

The original action, wherein appellant was plaintiff, was instituted in July, 1922, and judgment was rendered on October 13, 1922. The petition to set aside the judgment was filed on March ....., 1923, and the court heard the same on oral evidence, and rendered judgment on May 5, 1923, setting aside the former judgment.

Appellee is a foreign insurance company, permitted to do business in the State of Arkansas, and has a branch office in the city of Pine Bluff, in charge of a district agent or manager. Appellant was the holder of a policy upon her own life carrying a death benefit of $60 and sick benefits of five dollars per week. She made claim for sick benefits, and then instituted an action on the policy to recover the sum of $3,250, alleged damages for failure to pay the claim. Judgment by default was rendered for that amount. Appellee alleges that, during the pendency of the action and before the judgment was rendered, negotiations were entered into between appellant's attorney and appellee's district manager for a settlement of the claim; that an agreement was made for a settlement of the claim on the basis of the payment of the sum of $75, in installments; that the suit was to be dismissed upon payment of the amount, and that judgment by default was taken during the pendency of that agreement, and without notice to appellee or any of its agents.

The cause was heard by the court on oral testimony. There was a conflict in the testimony, and, under the

settled practice, we must treat as conclusive the finding of the trial court on the issue presented. It is insisted that the evidence is not sufficient to sustain the finding of the court.

It is undisputed that, after the commencement of the action, appellee's district manager, Scroggins by name, went to the office of appellant's attorney for the purpose of adjusting and settling the claim, and that an agreement was made whereby the claim was to be settled in full by the payment of the sum of $75. Appellee's manager paid $25 at that time, and, a few days later, called and paid an additional sum of $18.17, leaving a balance due of $31.83, which had not been paid up to the time of the trial, but was tendered at the trial. Testimony adduced by appellee tended to show that, at the time of the agreement between the district manager and appellant's attorney, there was an agreement that the amount should be paid in installments out of the local treasury of the company at Pine Bluff. Testimony adduced by appellant tended to show that there was no such agreement with respect to the manner of payment, but that, on the contrary, when the payment of $18.17 was made by Scroggins, the district manager, appellant's attorney told him that, unless the balance was paid by a date mentioned, about a week later, judgment would be taken in the action. This is denied by appellee's witnesses.

It appears also, from the testimony adduced by appellee, that the company was never notified at its home office either of the pendency of the action or of the alleged settlement, and that no attorney was employed to represent appellee for the reason that the matter was in the hands of the district manager who made the settlement.

According to appellee's testimony, the alleged settlement of the claim was made two days before Scroggins was to leave the district to go to another State to take charge of the company's business, and he left as his successor one Harris, who took charge of the company's business at the office in Pine Bluff. Harris testified that he thought that the settlement had been consummated by

his predecessor, Scroggins, but that he went to the office of appellant's attorney several times, and attempted to call over the telephone many times to ascertain definitely what had become of the claim, and that he was never notified of the judgment until after an attempt was made to enforce it, in March, 1923. The first information of the matter received by appellee company at its home office was a report from the State Insurance Department in March, 1923, that the judgment had been rendered. Appellee then employed an attorney, and the present proceeding was instituted to set aside the judgment.

The findings of the court upon all the disputed issues of fact are conclusive on appeal. *Cady* v. *Pack,* 135 Ark. 445; *Halliday* v. *Fenton, ante* p. 11. We do not consider the weight of the testimony further than to determine its legal sufficiency. Resolving the conflicts in favor of the finding of the court, the facts are that appellant, through her attorney, entered into an agreement with appellee for a settlement of the controversy on the basis of the payment of the sum of $75; that the sum was to be paid in installments from time to time as the funds came into the local treasury; that the suit was to be dismissed when the last installment was paid; that appellee paid the greater portion of the amount, leaving only a small balance, and that appellant took judgment against appellee without returning the money paid, and without any notice that the case would be pressed any further. The finding is also warranted that appellee was misled by the fact that its district manager went away to another field of work before the final payment was made; that the new manager believed that the settlement had been concluded, and made reasonable efforts to get information from appellant's attorney, and that no notice was given to him or to the home office that the suit was to be pressed. This, we think, makes out a case which warranted the court in setting aside the judgment. The conduct of appellant's attorney in taking judgment without notice, after having agreed to accept the small amount in full settlement, constituted such mis-

conduct which, together with the fact that appellee's manager was misled by the peculiar circumstances into believing that there had been a final settlement, justified the court in setting aside the former judgment.

It is contended that appellee failed to show merit, which was essential in order to get the judgment set aside. Counsel for appellee insists that the complaint states no cause of action for an amount in excess of $75, but, without determining that question, the proof adduced by appellee showing that there was an agreement to settle for $75, and partial performance of that agreement in accordance with its terms, is sufficient to show a meritorious defense.

The judgment is therefore affirmed.