JONES *v.* PFEIFFER.

5-221                                                     262 S. W. 2d 455

Opinion delivered December 7, 1953.

*John Harris Jones,* for appellant.

*Rhine & Rhine,* for appellee.

ED. F. McFADDIN, Justice. The question to be decided is whether the Chancery Court abused its discretion in restoring this cause to the docket of pending cases. We hold that no abuse of discretion has been shown.

On May 24, 1950, Wesson filed suit to obtain judgment and foreclosure of a mortgage executed to him by G. R. McClure and Mardis Bennett McClure, his wife. Service was duly obtained; and Mrs. McClure filed answer. The cause remained on the docket of pending cases until February 4, 1952; and during such interim, (a) Wesson assigned the note and mortgage to Pfeiffer, and (b) Mrs. McClure divorced G. R. McClure and married Jones. No timely pleadings were filed suggesting these interim events; and on February 4, 1952, when the Chancery Court sounded its docket, someone—not then the attorney for Pfeiffer or Mrs. Jones—informed the Court that Wesson had obtained his money. Thereupon, the Court, on its own motion, made the docket page notation, "Settled Dismissed". The Clerk carried this notation into the record of the court proceedings of February 4, 1952.

On December 5, 1952, Pfeiffer filed, in the same cause, his pleading, reading in part:

"Comes E. M. Pfeiffer, and represents to the Court that under date of April 12, 1951, while the above en-

titled cause was pending in this court, he purchased an assignment of this cause of action together with the note and mortgage upon which it was based; that at that time the cause was continued with consent of all parties; that sometime later without the knowledge and consent of this assignee, the court, on its own motion, marked the docket in this cause settled and dismissed. It is further represented that this indebtedness has not been settled and the case should not have been dismissed. . . .

"WHEREFORE, this assignee moves . . . that the docket notation 'settled and dismissed' be stricken from the record as an error and that this cause proceed to trial."

To the foregoing pleading, Mrs. Mardis Bennett (McClure) Jones filed response, and claimed that the "Settled Dismissed" entry of February 4, 1952, was a final judgment and *res judicata* of the mortgage foreclosure suit. The Chancery Court heard the evidence on Pfeiffer's motion and Mrs. Jones' response, and then set aside the dismissal notation and restored the cause to the docket of pending cases.

Without discussing the procedural method by which the cause has reached this Court, and without discussing our cases on voluntary and involuntary non-suits, we nevertheless conclude that the Court's ruling is justified under § 29-506 *et seq.* Ark. Stats. The evidence showed an unavoidable casualty to have occurred so as to make proper the ruling of the Chancery Court here challenged. See *Collier* v. *Miss. etc. Co.,* 164 Ark. 54, 261 S. W. 39; and see also *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S. W. 2d 961, and cases there cited. The result of the Chancery Court holding—now affirmed—is that the case of *Pfeiffer* v. *Jones* may be tried on the foreclosure issues.

The Chief Justice did not participate in the final disposition of this case.

Justice George Rose Smith dissents.