<hr />

O'LEARY v. BRENT.

Opinion delivered January 16, 1911.

1. RECEIVERS—EFFECT OF DISCHARGE.—The effect of the discharge of a receiver is to terminate his duties and authority; and if there is a surrender of jurisdiction over the trust, without any reservation as to existing claims, the effect is to release, not only the receiver, but also the property from further liability. (Page 373.)

2. APPEAL AND ERROR—DISCHARGE OF RECEIVER—DISMISSAL OF APPEAL.— Where, pending an appeal from a judgment in favor of a receiver upon a claim against him, the receiver is discharged, without any reservation as to existing claims, the receiver may move to dismiss the appeal. (Page 373.)

Appeal from Carroll Circuit Court, Western District; *Joseph S. Maples,* Judge; appeal dismissed.

*F. O. Butt* and *John P. Leahy,* for appellant.

*Charles D. James,* for appellee.

PER CURIAM.   H. C. Brent was appointed by the chancery court of Carroll County, Western District, as receiver of the Citizens Electric Company, a corporation engaged in operating a street railway in the city of Eureka Springs, Ark.   While said receiver was operating the street railway under orders of the chancery court, appellant, J. C. O'Leary, instituted an action in the circuit court of Carroll County against him to recover compensation for personal injuries resulting from alleged negligent acts of his servants, and a trial of the action before a jury resulted in a verdict and judgment in his favor.   An appeal was prosecuted to this court.

Since the appeal was taken, the receiver made his report to the chancellor of the sale of the property of said corporation under orders of the court and the final distribution of the funds in his hands, and the chancery court approved the report and finally discharged the receiver.   He now moves the court to dismiss the appeal.

The rule which seems to be supported by the adjudged cases is stated in Cyc., vol. 34, p. 480, as follows: "The effect of a discharge of a receiver is to terminate his duties and authority; and if there is a surrender of jurisdiction over the trust, without any reservation as to existing claims, the effect is to release, not only the receiver, but also the property from further liability."

A text writer on this subject says: "Where the receiver is discharged pending an action against him, it is a bar to the further prosecution of the suit, and should be pleaded by the receiver as such bar; and it seems that the defense does not depend upon notice of the application for a discharge being served upon plaintiff."   Smith on Receiverships, § 413.   See also *McGhee* v. *Willis,* 134 Ala. 281; *Bond* v. *State,* 68 Miss. 648; *New York & W. U. Tel. Co.* v. *Jewett,* 115 N. Y. 166; *Archambeau* v. *Platt,* 173 Mass. 249; *Gray* v. *Grand Trunk Western Ry. Co.,* 156 Fed. Rep. 736.

The statutes of this State provide that where an appellant's right of further prosecuting an appeal has ceased, the appellee may move the court to dismiss the appeal, or may by answer

plead any fact which destroys the appellant's right of further prosecuting the appeal. Kirby's Digest, §§ 1227, 1228.

The appeal is therefore dismissed.