### Nardo Lerma Alanis v. State.

No. 1921.  Decided October 23, 1912.

Rehearing denied November 20, 1912.

**1.—Theft—Bill of Exceptions—Evidence.**

In the absence of a bill of exceptions, the matters set out in the motion for new trial with reference to the erroneous introduction of evidence cannot be reviewed on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of property over the value of $50 the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Duval.  Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jno. L. George,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charged theft of property over the value of fifty dollars against Edmundo Garza and this appellant; Garza was acquitted; appellant was convicted, and given two years confinement in the penitentiary.

There are no bills of exception in the record, and, therefore, the matters set out in the motion for new trial with reference to the erroneous introduction of evidence will not be reviewed. The remainder of the motion for new trial is based on the insufficiency of the evidence, first, to show the defendant was guilty, and, second, that the property was worth fifty dollars. The State's evidence shows the property to be worth over fifty dollars. Appellant's claim was to the contrary. The matters were passed upon by the jury, and, in the light of our law which relegates the weight of the evidence and credibility of the witnesses to the decision of the jury, we would not be justified in holding the verdict is not in accord with the facts offered by the State. It is also claimed that the verdict is wrong in that it is contrary to the account given by appellant as to his lawful connection with the property. His statement, in substance, is that he bought the property, at least some of it, it having been shipped to him by rail. Without reviewing the testimony, we are of opinion, under the evidence, the jury was warranted in finding the verdict in the face of this statement of appellant. The property was identified thoroughly by the owner as having been taken from him only a day or two before it was found in appellant's possession, and there seems to be no question of the fact that some of the property which was found in appellant's possession he did not claim to have bought in any way from anybody. There was quite a lot of property of different kinds taken from the alleged owner that was found in appellant's house, secreted in different places about the house, some covered up and hidden; a syrup pitcher was found in a trunk; one set of harness was found covered up under a bed; cottonseed had been changed from the sacks in which they were in to other sacks, but there was indication about these sacks showing the cottonseed belonged to the alleged owner, under the State's view of the testimony. As the record is presented to us, we do not feel justified in setting aside the conviction.

The judgment is affirmed.                              *Affirmed.*

[Rehearing denied November 20, 1912.—Reporter.]