KNIGHTS OF HONOR OF THE WORLD *v.* EPPS.

Opinion delivered April 17, 1916.

1. INSURANCE—SERVICE—FRATERNAL ORDER.—Under Kirby's Digest, section 4378, service of summons upon a subordinate officer of a fraternal insurance order, is invalid where the chief officer of the order is within the county at the time.

2. JUDGMENTS—INVALID SERVICE—FRATERNAL ORDER.—A judgment, based upon invalid service, in an action against a fraternal insurance order, may be set aside.

Appeal from Drew Circuit Court; *Turner Butler,* Judge; reversed.

STATEMENT BY THE COURT.

This appeal comes from a judgment denying a motion to vacate a judgment of the circuit court against the Knights of Honor of the World Lodge, alleged to be void as having been rendered without notice, and to dismiss a writ of garnishment issued thereon.

It is alleged "that said judgment is void and of no effect for the reason that no notice of the pendency of said suit, either actual or constructive, was had by defendant; that defendant was unaware that judgment had been obtained or suit filed against it; that the G. W. Wiley, recited in the judgment as the officer of the lodge upon whom service had, was not either chief officer, secretary, or other officer upon whom service may be had in accordance with the law; that said Wiley was merely a financial reporter and hence service upon him was not service upon the order."

Also that the defendant has a meritorious defense, in that the policy sued on and upon which judgment was rendered was void, having been canceled prior to the death of the insured, because he had become unfinancial, and that fraud was practiced upon the court in procuring a judgment rendered for penalty and attorney's fee, contrary to law.    A copy of the judgment was exhibited with the motion.

It appears that suit was brought by Eliza J. Epps on August 25, 1914, upon a benefit certificate or policy of insurance issued by said society or order, and judgment was rendered by default for the sum of $450, $60 penalty and $50 attorney's fees and costs.    The judgment recites that service was had upon G. W. Wiley, reporter of Subordinate Lodge Knights of Honor of the World No. 764 at Rives, Drew County, Arkansas, on August 31, 1914." Summons was served on August 31, 1914, on said Wiley and the return of the sheriff showed that he was "the reporter of the lodge." A writ of garnishment was issued on April 10, 1915, upon said judgment against the Arkan-

sas National Bank of Hot Springs, garnishee, and served on the 14th day of April.

The garnishee answered upon that day admitting having funds in its hands belonging to the order to the amount of $155.88. On September 13, 1915, this motion to vacate the judgment and dismiss the garnishment was filed and appellee entered her appearance thereto.

J. M. Rhone testified that he was the Grand Reporter of the Knights of Honor of the World and had active control and management of the order and at the time service was had upon G. W. Wiley he was the financial secretary of the local lodge, the chief officer at the time being J. A. Stevenson, who was the dictator. He then read the by-laws of the order, defining the dictator's duties and also prescribing the duties of the financial reporter'' to keep a faithful record of account between the lodge and its members, receive all moneys due the lodge and pay the same to the treasurer, taking his receipt, and shall notify all members when in arrears for dues, etc.''

He stated further that the policy sued on was void, having been canceled on account of the suspension of the insured, who was afterward reinstated, but under a different policy. That under the new policy the beneficiary could only have been entitled to $115 upon the death of the insured.

The court held a *prima facie* valid defense was shown to the action and allowed time in which to show that proper service had been had. On September 17, appellee filed a motion to amend the return of the sheriff or deputy, who served the summons to conform to the facts.

E. I. Rogers, the deputy, who served the summons, stated that on the day of the service as shown by the return, he went to the plantation upon which he was informed the chief officer of the Knights of Honor of the World, Lodge No. 764, a subordinate lodge, of the defendant lived, having been instructed to serve the summons on the chief officer of the subordinate lodge, if he could find him, and if not, on the next officer. After making inquiry, he went to the residence pointed out as that of

the chief officer, but found no one at home, and after leaving his house, was directed to the home of G. W. Wiley as one of the officers of the lodge, and not finding him at home, started to return and met Wiley on the road in the field, who informed him that the chief officer was away. The sheriff told him his business, and being informed that he was "either reporter or secretary of said subordinate lodge," served the summons on him and stated he accepted the service. Wiley stated that he lived on the same plantation where the chief officer, J. A. Stevenson, lived, and was financial reporter. Upon the day the deputy sheriff inquired at his home for Stevenson, the deputy asked his name and gave him a copy of the summons, he said, and told him "Eliza Epps has a case against the Knights and I suppose you are to meet them at Monticello." He took the summons to Monticello on the day designated and gave it to the sheriff, Mr. Wilson. He stated that he had no correspondence with the Grand Lodge and that on the day the summons was left with him J. A. Stevenson, the chief officer of the lodge, lived on the plantation, about a mile and a half from his home, and he supposed he was at home that day, and, if not, he knew nothing of his absence.

Stevenson testified that he lived on the plantation of the Valley Planting Company and was living thereon the 31st of August, 1914. That if he was not at his home upon that day when the officer called, he was on the plantation attending to his duties and that he was not away from home or out of Drew County; that he was the dictator of the local lodge and its chief officer, and D. W. Johnson was the reporter or corresponding secretary; that he did not see the sheriff on that day.

The court thereupon permitted the return of the sheriff to be amended to conform to the testimony and held the service valid and overruled and denied the motion to vacate the judgment and dismiss the garnishment,

from which order this appeal is prosecuted.   It also rendered judgment against the garnishee.

*Henry & Harris* and *Scipio A. Jones,* for appellant.

No valid service was had on appellant and the judgment was void.   It should have been set aside as a good and valid defense was shown.   Kirby's Digest, § § 4378, 6045; Sand. & Hill's Digest, § 5669; 62 Ark. 144; 104 *Id.* 417.

*R. W. Wilson,* for appellee.

1.   The appeal is premature.   83 Ark. 371; 99 *Id.* 496.

2.   Proper service was had of the summons upon appellant.   Kirby's Digest, § 4378; 86 Ark. 504; 172 U. S. 602; 102 Ark. 255.   The burden was on appellant.   39 Ark. 307; 93 *Id.* 471, 490; 86 Ark. 504-6.

KIRBY, J., (after stating the facts).   Section 4378 of Kirby's Digest relating to the service of process in suits upon policies or certificates of insurance against fraternal orders and societies, such as Knights of Honor, etc., provides, "Service of process on the chief officer, or in case of his absence, the secretary of the subordinate lodge or society through which the policy, was issued or obtained, or on the chief officer, or in case of his absence, on the secretary of any subordinate lodge in this State, of such fraternal society, shall be a good and valid service on such lodge, society or institution."

Section 6045, Kirby's Digest, providing for the service of summons upon domestic corporations, after giving the name of the officers upon whom the service shall be had, continues:   "In case of the absence of the above officers, then it may be served upon the cashier, secretary, etc."

The court, construing this statute, held that the return on a summons showing service upon a domestic corporation upon an agent other than the president without showing that the president of the company was absent from the county, did not show a legal service.   *Arkansas Coal, etc., Co.* v. *Haley,* 62 Ark. 144; *Arkansas Construction Co.* v. *Mullins,* 69 Ark. 429.

(1)    We think the language of said section 4378 relative to the service of process upon fraternal societies, authorizing its service upon the chief officer, "or in case of his absence, the secretary of the subordinate lodge or society, through which the policy was issued or obtained, etc.," must be construed as was virtually the same language in the other section, to mean absence from the county, where the process is to be served.

The undisputed testimony herein and the sheriff's return, show that the summons was not served on J. A. Stevenson, the dictator and chief officer of the lodge, and that he was not out of the county but upon the plantation where he lived, about his usual duties, on the day of the service and neither was it served upon the secretary of the lodge, but only upon the reporter or collector, who had no duties that required him to write to the Grand Lodge.

(2)    The service of summons not having been upon the officer of the lodge or society as required by law, was not a valid service upon said lodge or society and the judgment rendered thereon was void, and the court having found that the lodge had a valid defense to the suit, erred in not vacating the judgment and permitting it set up.

The contention that the judgment is not final and can not be appealed from is without merit. The court heard the matter upon the allegations of the motion and denied the motion to vacate the judgment which was a finality precluding appellant from any further right to have the alleged void judgment set aside or defend against the cause of action therein adjudicated.

It follows that the judgment must be reversed and the cause remanded with directions to sustain the motion and vacate said judgment, and for further proceedings, according to law. It is so ordered.