PATTILLO *v.* TOLER.

4-7929 196 S. W. 2d 224

Opinion delivered June 17, 1946.

Rehearing denied September 30, 1946.

*J. B. Milham* and *Gladys Wied,* for appellant.

*W. H. McClellan,* for appellees.

SMITH, J. This suit, filed July 30, 1945, is a proceeding under § 8246, Pope's Digest, to vacate a decree rendered June 7, 1935, foreclosing a mortgage executed by Lee Smith and Poley, his wife, to the American Investment Company, which was transferred and assigned to C. W. Chapman. The mortgage was given to secure a note for $500, bearing interest at six per centum per annum, with interest at ten per centum after maturity, and ten interest notes, each for $30, which bore interest at ten per centum, after their maturity. The decree recited personal service on Smith, and that his wife was dead. The mortgagor died intestate March 26, 1944.

Smith was survived by four children, but only one of these was a party to the proceeding to vacate the decree.

The petition to vacate the decree, which was verified as required by law, alleges that the decree was procured through fraud practiced upon the court in the following particulars. The mortgagee, a foreign corporation, was not authorized to do business in this state, and Chapman, the plaintiff in the foreclosure suit, was not the owner of the mortgage; that the mortgage was given to secure a debt, void as being usurious; and the decree was prematurely rendered and was for a sum in excess of the debt due.

The foreclosure decree, which was made a part of the petition, recited the assignment of the mortgage, duly of record, whereby Chapman became the owner of the mortgage, that the principal note was wholly unpaid, that the mortgagor had failed to pay either the general or special improvement district taxes, for the years 1923 to 1933, all inclusive, which had been paid by the mortgagee, and that the total balance of $1,137.32, all secured by the mortgage, was due and unpaid, and judgment therefor was rendered, with directions to foreclose the mortgage in satisfaction thereof, through a sale of the land by a commissioner appointed for that purpose. It was alleged that the commissioner made the sale as directed, and pursuant thereto executed a commissioner's deed to Chapman on August 5, 1935. Chapman conveyed the land, covered by the mortgage, on November 4, 1941, to H. G. Toler, who was made party defendant, and the petition prayed that the foreclosure decree be vacated for the reason stated, and that the deed from the commissioner to Chapman, and the deed from Chapman to Toler be canceled. In the alternative, it was prayed that if this relief were denied, Chapman and Toler be held to be mortgagees in possession, and that an accounting be had, and that petitioner be permitted to pay any balance found to be due on the mortgage debt, if it were found that any balance was due, the existence of which was denied.

A demurrer and motion to dismiss was filed October 1, 1945, and in a decree rendered December 7, 1945, the

demurrer was sustained, and the petition dismissed. Following this there appears a pleading styled, ''Amendment to Complaint,'' without filing date, which recapitulates substantially the allegations of the original petition to vacate the foreclosure decree, with the additional allegation that ''the defendant, Lee Smith, was not served with summons and had no notice of the suit against him.''

This pleading may be disposed of upon either of two grounds, First, it was not filed until the original petition had been dismissed, and it was not shown that the petition was reinstated; and second, it was not verified as required by § 8248, Pope's Digest.

Section 8246, Pope's Digest, names the grounds for vacating or modifying a judgment after the expiration of the term at which it was rendered, and § 8248 prescribes the procedure to obtain that relief, and that section requires that the complaint or petition be verified by affidavit. This is a jurisdictional requirement and we may not therefore consider the unverified allegations of the amended complaint. *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387; *First Nat. Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575.

Returning to the verified petition, which was filed in apt time, we find no allegation, which if true, would constitute a fraud practiced upon the court in the procurement of the decree. If Chapman was without capacity to sue, and if the judgment was prematurely rendered, and for an excessive amount and, if further, the loan secured by the mortgage was in fact usurious, such of these allegations as were matters of defense should have been interposed in the foreclosure suit, and may not be interposed here.

In the recent case of *Gulley* v. *Budd,* 209 Ark. 23, 189 S. W. 2d 385, it was sought to annul and cancel a pardon issued by the governor of the state, upon the ground that fraud had been practiced in its procurement. A number of cases are there cited which dealt with the character and quantum of proof required to show that the pardon had been procured by fraud, and the holdings of these cases

there cited are summarized as follows: "The quantum of proof required to set aside a pardon on the ground that it was procured by fraud is the same that would be required to set aside a judgment or decree of a court on the ground that it was procured by fraud and many cases have announced the requirement as follows: 'Fraud as the basis of an action to impeach a judgment, must be. a fraud extrinsic of the matter tried in the cause; it must not consist of any false or fraudulent act or testimony, the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment that is assailed; it must be a fraud practiced upon the court in the procurement of the judgment.' (Citing many Arkansas cases.)"

The demurrer to the petition was properly sustained and the decree is, therefore, affirmed.