RAYMOND *v.* YOUNG.

4-8183                                                   201 S. W. 2d 583

Opinion delivered April 28, 1947.

*Ernie E. Wright,* for appellant.

*Harrell Simpson* and *Oscar E. Ellis,* for appellee.

MINOR W. MILLWEE, Justice. This is an appeal from a decree of the Baxter Chancery Court vacating a final decree rendered in appellant's favor at a former term of court.

On November 1, 1945, appellee, Rena Young, instituted suit against appellant, W. H. Raymond, to quiet title to a 40 acre tract of land and to cancel a clerk's tax deed issued to appellant in 1944 under a forfeiture and sale of the tract for the taxes of 1941. Appellant filed a general demurrer and answer denying the allegations of the complaint and claiming ownership of the land in controversy by virtue of his tax deed.

The cause was heard before Hon. J. M. Shinn, the regular chancellor of the 11th Chancery District, on January 21, 1946, which was an adjourned day of the October, 1945, term of court. Appellee offered the testimony of two witnesses in support of the allegations of her complaint. Appellant, relying upon the failure of appellee to establish the invalidity of the tax deed, declined to offer testimony. After argument of counsel, the chancellor took the case under advisement for a decision in vacation with the privilege of counsel to submit written briefs in support of their respective contentions.

On July 23, 1946, an adjourned day of the April, 1946, term of court, Hon. Garner Fraser, Judge of the 14th circuit, presiding on exchange with the chancellor

of the 11th Chancery District, entered a decree dismissing the complaint of appellee for want of equity. This decree recites that the cause had been previously argued and submitted for decision upon the pleadings and evidence taken on January 21, 1946. The following findings are embraced in the decree: ''That the evidence introduced on behalf of the plaintiff, Rena Young, fails to establish legal or equitable grounds for voiding the tax deed of the defendant, W. H. Raymond, covering the SW¼ of the NE¼ of section 3, township 17 north, range 12 west, in Baxter county, Arkansas. The Court further finds that the plaintiff is not entitled to a transfer of this cause to the Circuit Court because the evidence had been concluded and the case argued and submitted to the Court for a decision prior to the request for a transfer and further that the plaintiff is not entitled at this time to a non-suit of the cause for the same reason.''

No appeal was prosecuted from the decree of July 23, 1946, but on a subsequent date, which is undisclosed by the record, appellee filed a motion to vacate said decree. The motion alleged that about three months after the trial on January 21, 1945, former counsel for appellee forwarded a motion and brief to the regular chancellor by mail requesting the court to grant appellee a non-suit; that about 30 days later one of her present counsel talked with the chancellor by long distance telephone and requested that a non-suit be granted and was advised by the chancellor that court would reconvene in Baxter county on July 15, 1946; that present counsel then stated that his duties as prosecuting attorney required his presence in Pocahontas on that date; that appellee and her counsel had no notice that court would be held on July 23, 1946, but thought the motion for non-suit had been granted on July 15, 1946, as had been previously requested. The prayer of the motion was that the decree of July 23, 1946, be vacated, and that appellee's motion for non-suit be granted. The motion was unverified and appellee did not offer testimony to support it.

The motion to vacate was sustained by the regular chancellor on October 21, 1946, which was the first day of the October, 1946, term of court and the cause was set for hearing in January, 1947. This appeal is from the order of October 21, 1946, vacating the decree of July 23, 1946.

We first consider the contention of appellee that the decree of October 21, 1946, vacating a decree rendered at a former term of court is not a final and appealable order. It is insisted that the decree did not dispose of the issues since the case was set down for a new hearing, and that the appeal is, therefore, premature. This court held to the contrary in *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160, 116 S. W. 199. It was there said: "The proceeding, under the statute, to have a judgment set aside which was rendered at a former term is equivalent to an independent action instituted for that purpose, and the order of the court either vacating the judgment or refusing to do so is final in the sense that it determines the rights of the parties under the judgment; even though, after vacating the judgment, it leaves the original action still pending for further proceedings." See, also, *Knights Honor of the World* v. *Epps*, 123 Ark. 371, 185 S. W. 470; *Robinson* v. *Citizens Bank*, 135 Ark. 308, 204 S. W. 615. The subsequent decree vacating the former decree in the instant case was final and appealable even though the chancellor failed to grant appellee's prayer for a non-suit and left the cause pending for further hearing.

We think it is clear from the recitals of the decree of July 23, 1946, that the chancellor on exchange had before him the evidence upon which the cause was heard by the regular chancellor and the motion for a non-suit and brief which had been mailed to the chancellor in vacation. According to the allegations of the motion to vacate, appellee's motion for non-suit was not made until over three months after the cause had been heard and taken under submission for final decree in vacation. Under the first subdivision of § 1485 of Pope's Digest, it is within the discretion of the court to permit a plaintiff to take a non-suit where a case has been finally submitted to the

chancellor for decision, and this court will not reverse unless it appears that the court has abused its discretion. *St. L. S. W. Ry. Co.* v. *White Sewing Machine Co.*, 69 Ark. 431, 64 S. W. 96; *Watts* v. *Watts,* 179 Ark. 367, 15 S. W. 2d 997. Appellee contends that the case was not finally submitted until the written briefs had been filed and relies on the case of *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89, where the motion for non-suit was made during the course of the oral argument before the chancellor. It was held that the court abused its discretion in refusing to grant a non-suit under facts entirely different from those involved in the case at bar. We think there was no abuse of discretion on the part of the chancellor on exchange in refusing appellee's request for a non-suit under the circumstances of the instant case.

The court lost control over the decree of July 23, 1946, with the ending of the April, 1946, term of court and was without authority to vacate that decree at a subsequent term except in the manner, and upon the grounds, specified in §§ 8246 and 8248, Pope's Digest, or by bill of review under the chancery practice. *Turner* v. *Vaughn,* 33 Ark. 454; *Mitchell* v. *Fowler,* 181 Ark. 857, 28 S. W. 2d 66. Section 8248 provides that the proceeding to vacate or modify the judgment or order on the grounds mentioned in subdivisions 4-8 of § 8246 shall be by a verified complaint setting forth the judgment or order and the grounds to vacate or modify it. The requirement that the complaint be verified has been held to be jurisdictional and one that must be complied with. *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387; *Pattillo* v. *Toler, et al.,* 210 Ark. 231, 196 S. W. 2d 224. However, if we treat that requirement as one that could be waived, the allegations of the motion to vacate do not set up any of the grounds specified in the statute. Appellee did allege that she and her counsel "thought" that a non-suit would be entered on July 15, 1946, upon the request previously made, but sufficient facts were not alleged to demonstrate that they were warranted in reaching this conclusion. When counsel for appellee made the oral request for a non-suit in vacation, the chancellor merely

advised counsel the date court would next be in session and in no manner indicated that the motion would be granted.

It follows that the chancellor erred in granting appellee's motion to vacate the decree rendered in favor of appellant on July 23, 1946. The decree from which this appeal comes is, therefore, reversed, and the cause will be remanded with directions to dismiss appellee's motion to vacate the decree of July 23, 1946, and to reinstate said decree dismissing the complaint of appellee for want of equity, and for such further proceedings as may be necessary in accordance with the principles of equity and not inconsistent with this opinion.