Wims *v.* Wims.

4-8799                                    218 S. W. 2d 85

Opinion delivered March 14, 1949.

*J. F. Quillin,* for appellant.

*Hal L. Norwood,* for appellee.

Robins, J. Appellant by her complaint filed November 17, 1947, against appellee in the lower court, sought to have set aside a decree of divorce rendered in said court on January 14, 1941, in favor of Edward M. Wims, deceased, and against appellant. On appellee's demurrer the lower court dismissed appellant's complaint for want of equity. This appeal followed.

The substance of appellant's complaint was that she and Martin E. Wims were married in 1901, and lived together until 1930, at which time he deserted her and their five children in the State of California; that in 1938 her said husband brought a divorce suit against her in Alabama, giving the court her proper address; that when she was advised of the action and made preparations to defend it, her husband dismissed the suit; that under the name of Edward M. Wims he instituted another divorce suit against her in the lower court on October 2, 1940, and fraudulently gave his attorney and the attorney *ad litem* an erroneous address for her; that in this suit her husband was granted a divorce from her (on the ground of three years separation) on January 14, 1941, but that she did not learn of it until "the

year 1946''; that after said divorce her said husband contracted with appellee a marriage (asserted to be illegal because said divorce was fraudulent); that the appellee ''is claiming her rights as the lawful widow of the said Edward M. Wims as against the right of this plaintiff as the lawful widow of said deceased.''

The prayer of the complaint was for setting aside the divorce decree of January 14, 1941, and for ''other proper and equitable relief.''

Appellant did not allege in her complaint that her deceased husband was not a resident of Arkansas when he brought the divorce suit. It was not alleged therein that appellant had any defense against the divorce suit brought against her in the lower court. In fact, the allegations of the complaint indicate that the parties had lived apart so long that she could not have had any such defense. Nor was it alleged whether Wims owned any property at his death, whether he died intestate, or whether any executor or administrator had been appointed for his estate.

The complaint failed to state facts sufficient to entitle appellant to the relief sought. *Page* v. *Woodson*, 211 Ark. 289, 200 S. W. 2d 768.

Furthermore, the complaint does not appear to have been properly verified, as required by § 29-508, Ark. Stats. (1947). See *Patillo* v. *Toler*, 210 Ark. 231, 196 S. W. 2d 224.

It is argued by appellant that even though her complaint was defective she should have been given an opportunity to amend same, so as to allege other facts which might entitle her to the relief sought. A sufficient answer to this contention is that the record does not show that in the lower court she offered to amend her complaint or expressed any desire to do so.

The decree is affirmed.