KIRBY v. MILUM, AGENT.

4-9322                                    234 S. W. 2d 518

Opinion delivered December 11, 1950.

*Willis & Walker*, for appellant.

*W. J. Cotton* and *F. O. Butt*, for appellee..

GEORGE ROSE SMITH, J. This is in substance an attempt to set aside a final order that closed a receivership proceeding involving the Citizens Investment Company, a corporation. The insolvency proceedings were instituted in 1931 by the Arkansas Railroad Commission, under the authority of § 8 of Act 109 of 1931. The appellee was appointed as receiver for the corporation and served until his discharge by court order on December 28, 1948. Thereafter the appellants, three holders of preferred stock in the corporation, sought to obtain judgments against the receiver for the par value of their stock. The appellee demurred to the appellants' petition and also pleaded his discharge as a bar to the relief sought. On the pleadings the chancellor dismissed the petition, and this appeal is from the order of dismissal.

The record is comparatively short, although it is certified as a complete transcript of the seventeen-year receivership. The receiver was appointed in 1931 and filed an inventory of the corporate assets in 1933. Subsequently there were a few court orders approving the settlement of various claims, but the receiver is not shown to have filed any accounts after the 1933 inventory. In March of 1948 his conduct of the receivership was attacked in a petition filed by T. C. Heuer, a preferred stockholder. Heuer alleged that the receiver had been unfaithful to his trust in several respects, in that he had allowed claims held by the corporation to become barred by limitations, had allowed corporate property to forfeit for nonpayment of taxes, had redeemed such property in his own name, had failed to account for money received, and other similar allegations of misconduct. Apparently a hearing was held upon Heuer's petition, at which the court found that with its approval a stockholders' committee had been appointed to advise the receiver in winding up the corporate affairs. This committee concluded that the proceedings should be conducted informally and that the stockholders could not expect to realize more than 15% of the par value of their stock. The receiver was instructed by the committee to dispose of the assets by barter or sale with a view to realizing as near to 15% of the stock liability as possible. The court further found that the actual liquidation did not produce the expected 15% of the investors' claims but that the receiver had offered to pay the full 15%. The court held that all the stockholders had acquiesced in the handling of the proceedings and were estopped to complain. Heuer was accordingly given judgment for 15% of the par value of his stock. There was no appeal.

In December of 1948 the receiver petitioned for his discharge. Stating that he had settled with all creditors and with most stockholders he deposited in court a sum said to be sufficient to pay the remaining stockholders 15% of the face value of their stock. On the same day the court entered an order terminating the proceeding and discharging the receiver.

At the next term of court the appellants filed the petition now before us. In it they repeat almost verbatim the charges of fraud that were contained in Heuer's earlier pleading. The prayer is for judgment against the receiver for the par value of their stock, on the theory that the appellee failed to account for substantial assets of the insolvent corporation.

The petition, even when construed liberally on demurrer, was properly dismissed. The court's earlier judgment contains a finding that all preferred stockholders are estopped to question the regularity of the proceedings. On its face that decree is conclusive of the rights of these appellants.

It is argued, however, that these petitioners are not shown to have been parties to the insolvency action. Of course a judgment binds only the parties and their privies and is, in a later action between different parties, evidence of nothing except that it was rendered. *Biederman* v. *Parker,* 105 Ark. 86, 150 S. W. 897. Hence if this were an independent suit between the appellants and the appellee as an individual there would evidently be a question whether the appellants are bound by the earlier decree.

But this is not an independent suit. The appellants' petition was filed as an intervention in the receivership case. As stockholders they undoubtedly had the privilege of intervening if they chose to. *Randolph* v. *Nichol,* 74 Ark. 93, 84 S. W. 1037. The gist of their pleading is that the receiver failed to enforce certain claims, that he still has assets in his hands, and that the court erred in failing to require an accounting as a condition to the receiver's discharge. This is clearly an attempt to hold the receiver in his official capacity, and to such an attempt the receiver's discharge is ordinarily a complete answer. *O'Leary* v. *Brent,* 97 Ark. 372, 134 S. W. 617, Ann. Cas. 1912D, 904. Consequently the most we can do is to treat the petition as a complaint to vacate the order of discharge for fraud in its procurement or for unavoidable casualty. Ark. Stats. 1947, §§ 29-506 and 29-508. It may be doubted whether the facts pleaded sufficiently support either ground, but in any event the

petition so treated is demurrable for want of the jurisdictional requirement that it be verified. *Pattillo* v. *Toler*, 210 Ark. 231, 196 S. W. 2d 224; *Raymond* v. *Young*, 211 Ark. 577, 201 S. W. 2d 583. We must therefore hold that the chancellor correctly dismissed the petition.

Affirmed.

HOLT, J., not participating.