PINKERT *v.* REAGAN.

4-9630 244 S. W. 2d 961

Opinion delivered January 14, 1952.

U. A. Gentry, for appellant.

Osborne W. Garvin, for appellee.

ROBINSON, J. This appeal presents the issue of setting aside a decree after expiration of the term and the issue of the failure of petitioners to verify the petition to set aside the decree. The appellees, G. W. Reagan and his wife, Lessie Mae Reagan, on the 31st day of March, 1925, acquired by warranty deed lot 2, block 17, Midland Hills Addition to Little Rock, Arkansas, which is located within the boundaries of Sewer Improvement District No. 94. The property at the present time has a value of between $15,000 and $20,000. An assessment due the district in the sum of 70 cents for the year 1926 was not paid, and the property thereby became delinquent. A suit was filed by the District in 1927 to foreclose on certain delinquent property. In 1931, by an amendment to the original complaint, the appellees' property was brought into the proceedings. On November 23, 1937, the court rendered a decree of foreclosure and ordered the property sold. On April 12, 1938, the decree of foreclosure was confirmed.

By deeds of conveyance, appellants claim title to the property. On the 27th day of August, 1948, G. W. Reagan and Lessie Mae Reagan filed in the original case that which they termed an "intervention." The so-called intervention alleges, among other things, "that upon inquiry by the interveners, and their agents and attorneys, in the office of the Chancery Clerk, that the interveners, their agents and attorneys were advised by the said clerk and his deputy that all assessments against said property in said plaintiff district were fully paid." The district, having bought the property at the foreclosure sale, filed

a response admitting the judgment should be vacated and tendering to appellants, Ed Pinkert, Manie Schuman and Florence Schuman, the amount of $5.50, which it had received in payment for the property. The appellants filed a motion to dismiss the intervention and, after a hearing thereon, the court entered an order finding that the intervention was in effect a suit to set aside the decree rendered in November, 1937, in favor of the plaintiff improvement district, and that the pleadings designated by the appellees herein as an "intervention" should be treated as an independent suit to set aside the decree. The motion to dismiss filed by appellants did not mention the fact that the petition to vacate the judgment was not verified. After hearing all the evidence in the case the court held:

"That the plaintiffs G. W. Reagan and Lessie Mae Reagan are the owners of lot 2, block 17, Midland Hills Addition to the City of Little Rock, Arkansas, and that the sale of the said property under the decree of the Pulaski Chancery Court entered in proceedings wherein said Sewer Improvement District No. 94, was plaintiff and S. R. Thomas, et al., were defendants in Case No. 31771, is void and that the deed executed by the Commissioner in Chancery by virtue of said decree and sale, and all subsequent deeds, are void and constitute a cloud upon the title of said lot."

The effect of the Chancellor's decree is to vacate the 1937 decree with respect to appellees' property involved in this case. By reason of the allegation in the "intervention" to the effect that appellees attempted to pay all assessments due at the Chancery Clerk's office, where such improvement district assessments were collected, and that they were informed by the deputy Chancery Clerk that there were no past due assessments unpaid, the intervention should have been treated as a motion to vacate the judgment on the ground of "unavoidable casualty or misfortune preventing the party from appearing or defending" which is the seventh ground named for vacating a judgment in § 29-506, Ark. Stats.

The undisputed evidence in the case at bar is that the property also went delinquent for the year 1935, and that when this 1935 delinquent assessment was paid to the Chancery Clerk in 1937, an attempt was made by the property owners at that time to pay all unpaid assessments. The evidence of this fact is overwhelming, the plaintiffs' testimony in that respect being corroborated by the Deputy Chancery Clerk and the receipt for the 1935 delinquent assessment, which was paid in 1937. The attempt to pay the taxes or assessments was made after the suit was filed by the improvement district, but before a decree was taken. It was the practice of the district to permit the Clerk to accept payment of the assessments on which a foreclosure suit had been filed, and for the Clerk to make a notation on the papers in the proceedings to the effect that the assessment had been paid and the suit be dismissed as to that particular property.

The appellees went to the Chancery Clerk's office, the proper place to go for the purpose of paying all delinquent assessments in Sewer Improvement District No. 94. This was done prior to the rendition of the decree. The Deputy Clerk accepted payment for the delinquent taxes due for the year 1935, and informed the appellees that no other assessments were due, when, as a matter of fact, an assessment for the year 1926 was still unpaid, according to the records in the office of the Chancery Clerk, but this fact was overlooked by the Deputy. Appellants contend that, assuming this evidence to be true and giving it its strongest probative force, it would simply mean that legally the taxes were paid, and that this in itself is not sufficient to vacate a judgment on statutory grounds. To sustain this contention, appellant cites the case of *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S. W. 2d 876, to the effect that a judgment will not be vacated unless there is a valid defense to the action in which the judgment was rendered. But, here, a valid defense is alleged and proved.

Under the facts and circumstances in this case, appellees are in the same position as they would have been had the Deputy Clerk correctly informed them as to the

1926 assessment being due and appellees had paid said assessment. Appellants further say that "the judgment was not rendered until November 23, 1937, and they [appellees] are in exactly the same position as one who had paid a debt." The case of *Wilder* v. *Harris*, 205 Ark. 341, 168 S. W. 2d 804, is controlling. There, the court said:

"It was a misfortune or casualty that the clerk erroneously included the appellants' property in the list of the delinquent assessments. Likewise, it was unavoidable, as far as the appellants were concerned. They had paid their tax, they could not be expected to sit at the courthouse and look over the shoulder of the official to see that he made no mistake. As far as the appellants were concerned, the decree of foreclosure was unavoidable, and it was certainly a misfortune or casualty. The appellants, by their tenant, were holding up the flag of possession all the time. By the receipt, they had been lulled into a feeling of security that their taxes were paid. They certainly had a right to rely upon the integrity of the elected official. He was only human, and he made a mistake just as we all do. But it would be a hard court of equity that would penalize an innocent person for the innocent and unintentional omission of an officer as in the case at bar. Mr. Justice WOOD, speaking for this court in the case of *Thweatt* v. *Grand Temple, etc., Knights and Daughters of Tabor,* 128 Ark. 269, 193 S. W. 508, said: 'An act of the court shall prejudice no man, is a maxim founded upon justice and good sense.' "

It is true that in *Wilder* v. *Harris*, there was a publication of a warning order whereas in the case at bar, in addition to the publication of the warning order, there was personal service. This distinction is immaterial, however, and the case did not turn on that point. But, in that case the motion to vacate the judgment was verified whereas in the present case there was no verification of appellees' pleading. On this point appellants contend that verification is a jurisdictional requirement and rely on *Merriott* v. *Kilgore*, 200 Ark. 394, 139 S. W. 2d 387; *Pattillo* v. *Toler*, 210 Ark. 231, 196 S. W. 2d 224;

*Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583; and *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575. But, these cases do not overrule *Parker* v. *Nixon,* 184 Ark. 1085, 44 S. W. 2d 1088, which controls here.

It seems that the Statute's purpose in requiring verification is to prevent a judgment from being taken on an unverified pleading alone, without any evidence being introduced. In *Merriott* v. *Kilgore, supra,* the plaintiff did not make any showing at all, but the trial court set aside the former decree on the motion and response. This Court said:

"In the instant case the statute was not complied with, the motion was not verified, and no evidence was heard, although the response denied every material allegation in the motion." The Court quoted from *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575, as follows:

"It is a very significant fact in this record that none of the appellees testified that they did not know that the action was pending and of the proceedings had therein. Their verified complaint was denied, and therefore its allegations are not testimony and cannot be accepted as facts proved, even if it had been therein stated that the appellees did not know of the pendency of the action." The clear implication is that if appellees had testified on the point involved, their testimony would have been considered and might have been sufficient, although the complaint was not verified. In *Pattillo* v. *Toler, supra,* a verified petition to vacate the decree was filed. A demurrer to the petition and a motion to dismiss were filed and sustained. Subsequently, an amendment to the complaint was filed, which substantially re-stated the allegations of the original petition, with the additional allegation that the defendant was not served with summons. This Court said the pleading could be disposed of upon the ground that it was not filed until the original petition was dismissed, and it was not shown that the petition was re-instated, and, second, it was not verified.

It does not appear that any testimony was taken on the amended petition.

In *Raymond* v. *Young, supra,* the court cited *Merriott* v. *Kilgore* and *Pattillo* v. *Toler* as authority for the requirement that the complaint be verified has been held to be jurisdictional and one that must be complied with. But, the court went on to say: ''However, if we treat that requirement as one that could be waived, the allegations of the motion to vacate do not set up any of the grounds specified in the statute.''

In *Miller* v. *Miller,* 209 Ark. 505, 190 S. W. 2d 991, the court granted an unverified motion modifying the decree without taking any testimony. This Court, in passing on the case, cited the applicable statute pertaining to vacating or modifying judgments, which is now Ark. Stats., § 29-506, and, in reversing the Chancery Court, said: ''Since the motion filed on March 26, 1945, was not verified, and since no notice was issued and no proof taken, it follows that the order of March 26, 1945, granting the motion was contrary to the statute.'' The inference is that even though the motion was not verified, if the adverse party had been given notice and proof had been taken, lack of verification would have been of no consequence.

In the *First National Bank* v. *Dalsheimer* case, *supra,* the Court said: ''Their verified complaint was denied, and therefore its allegations are not testimony and cannot be accepted as facts proved.''

Ark. Stats., § 27-1110 provides: ''No objection shall be taken after judgment to any pleading for want of, or defect in, the verification.''

In *Randall* v. *Sanders,* 71 Ark. 609, 77 S. W. 56, the court said: ''The complaint was not verified. But the statute provides that 'no objection shall be taken after judgment to any pleadings for the want of, or defect in, the verification.' ''

''This answer was not sworn to, as required by our code of practice, and for this defect might have been stricken out, but as no exceptions were taken to it for

this cause, it is too late after replication and trial before a jury, and final judgment, to raise the objection, for the first time, in this court." *Payne, Huntington & Co. v. Flournoy,* 29 Ark. 500.

In *Parker v. Nixon,* 184 Ark. 1085, 44 S. W. 2d 1088, a pleading to vacate a judgment was filed. Mr. Justice FRANK SMITH speaking for the court said: "It appears that the pleading was not verified as the statute requires; but that question does not appear to have been raised in the court below. We have a statute, (§ 1246, Crawford & Moses' Digest) [now Ark. Stats., § 27-1110], which provides that no objection shall be taken after judgment rendered to a lack of verification of the pleading upon which the judgment was rendered. However, the petition was heard on the sworn testimony of numerous witnesses, and the judgment was not rendered by default upon an unverified pleading. The purpose of the statute was to prevent this from being done, and it was not done."

Likewise, in the case at bar, the decree was rendered on the sworn testimony of witnesses and exhibits to the witnesses' testimony, and not on an unverified petition. No objection was made in the trial court to the petition on the ground that it was not verified.

The decree of the Chancery Court is correct, and is therefore affirmed.

The Chief Justice concurs.