BRADLEY *v.* KEITH.

5-1312                                    305 S. W. 2d 134

Opinion delivered July 1, 1957.

[Rehearing denied Sept. 30, 1957]

*S. L. White,* for appellant.

*Talley & Owen,* by *Gene Worsham,* for appellee.

GEORGE ROSE SMITH, J.    This is an appeal from an order setting aside a default judgment rendered at the preceding term of court.    The appellant contends that the proceedings below did not comply with the statute under which judgments may be vacated after the lapse of the term.

The action was brought by the city of Little Rock to condemn five acres of land.    The complaint alleges that the appellant Bradley has a deed to the land and that the appellee Keith has a tax title to it.    Bradley filed an answer asserting title to the property, but Keith failed to file any pleading in the case.    At a preliminary hearing, with all parties present by their attorneys, it was agreed that the land was worth $1,000 and that the city might deposit that amount in the registry of the court and take possession of the property.    The court's preliminary order recited that there was a dispute between the defendants as to the ownership of the land and directed that the cause be placed on the regular docket for a determination of that dispute.

At the trial on June 5, 1956, Bradley was present by his attorney, but Keith failed to appear. The court, after hearing evidence, found that Keith was entitled to the amount he had paid for his tax deed (which appears to be void on its face), with interest, and that Bradley was entitled to the rest of the fund deposited by the city.

The next day Keith filed an unverified motion to set aside the judgment, asserting that only a pre-trial conference had been scheduled for June 5 and that his attorney had been prevented by illness from being present. This motion was not presented to the court until after the lapse of the term. The court considered the motion at its next term and, acting only upon a statement of counsel, made a finding of unavoidable casualty and vacated the judgment.

The appellant is correct in his insistence that the record does not support the court's action. After the lapse of the term the court no longer had discretionary control over its judgment, which could then be vacated only in accordance with the statute that applies after the expiration of the term. *Dobbs* v. *Dobbs,* 225 Ark. 397, 282 S. W. 2d 812. That statute requires that the complaint to set aside the judgment be verified by affidavit, Ark. Stats. 1947, § 29-508, and we have repeatedly held that this requirement is jurisdictional. *Pattillo* v. *Toler,* 210 Ark. 231, 196 S. W. 2d 224; *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583; *Kirby* v. *Milum,* 218 Ark. 106, 234 S. W. 2d 518. Although the requirement may be satisfied by the introduction of sworn testimony at the hearing on the motion, *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S. W. 2d 961, the trouble here is that no proof under oath was offered to sustain the motion to vacate the judgment. We do not doubt the statement that one of Keith's attorneys was ill on June 5; but if an unverified written motion is insufficient to invest the court with power to act after the term, the same holding must be made with respect to an unsworn oral statement of counsel.

Reversed.