C. A. M. P. A. *v.* SMITH.

5-2631                                                                 355 S. W. 2d 604

Opinion delivered March 19, 1962.

[Rehearing denied April 23, 1962.]

*Thompson & Thompson,* by *Edgar R. Thompson,* for appellant.

*J. E. Simpson,* for appellee.

CARLETON HARRIS, Chief Justice.   This is the second appeal in this case. In *Central Arkansas Milk Producers Association* v. *Willard Smith,* 232 Ark. 206, 335 S. W. 2d 289, we affirmed a judgment for appellee in the amount of $600.  In a petition for rehearing, appellant raised the question of the ownership of the milk bed on the truck (referred to in the opinion), and asserted:

"Appellant respectfully petitions the court that since it has been determined by the jury and by the Supreme Court that the truck bed now has no value, and no market price exists for said truck bed, that if the court finds the contract still exists after this petition for rehearing that appellant be permitted to take possession of said milk bed."

On June 6, 1960, a rehearing was denied, but this Court amended its Opinion as follows:

"Rehearing denied, and the trial court is re-invested with jurisdiction to determine the ownership of the truck bed."

Thereafter, on September 10, 1960, apparently pursuant to a petition filed by appellant, asking that the trial court determine the ownership of the truck bed, that court entered its judgment[1] denying the petition, and re-affirming its judgment of October 2, 1959. This remained the status of the matter until the court entered an order on June 14, 1961, finding that the judgment of September 10th, heretofore referred to, had been entered without the attorneys for appellant receiving a notice of the hearing; finding further that appellant had not received a copy of the judgment until after the time for appeal had expired, and had not received any notice that such an order had been entered. On these findings, the court set aside the judgment of September 10, 1960. This order was entered after the lapse of the term. On July 20th, the court entered a second order[2] setting aside the judgment of September 10, 1960, and on the same date, entered its judgment vesting ownership to the truck bed in Willard Smith, finding that "the ownership of said truck bed has been in Willard Smith at all times and is now and remains in the said Willard Smith and that there is no question remaining for this court to determine." From the judgment so entered,[3] appellant brings this appeal.

We are unable to consider appellant's appeal on its merits for the reason that it did not comply with the statute which governs the setting aside of decrees or judgments after the lapse of the term. Section 29-508, Ark. Stats. Anno., provides that such proceedings shall be by complaint, verified by affidavit, and we have held that this requirement is jurisdictional. In *Bradley* v. *Keith*, 227 Ark. 1107, 305 S. W. 2d 134, this Court said:

---

[1] The judgment recites that the cause is presented to the court upon the petition of "the above named defendants", which would mean the appellant in this case. The term "apparently" is used because, though the judgment is dated September 10th, the petition is dated September 12th.

[2] The reason for the entry of the second order is not shown.

[3] In effect, this was the same judgment the court had entered on September 10, 1960.

"The next day Keith filed an unverified motion to set aside the judgment, asserting that only a pre-trial conference had been scheduled for June 5 and that his attorney had been prevented by illness from being present. This motion was not presented to the court until after the lapse of the term. The court considered the motion at its next term and, acting only upon a statement of counsel, made a finding of unavoidable casualty and vacated the judgment.

The appellant is correct in his insistence that the record does not support the court's action. After the lapse of the term the court no longer had discretionary control over its judgment, which could then be vacated only in accordance with the statute that applies after the expiration of the term. *Dobbs* v. *Dobbs,* 225 Ark. 397, 282 S. W. 2d 812. That statute requires that the complaint to set aside the judgment be verified by affidavit, Ark. Stats. 1947, § 29-508, and we have repeatedly held that this requirement is jurisdictional. *Pattillo* v. *Toler,* 210 Ark. 231, 196 S. W. 2d 224; *Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583; *Kirby* v. *Milum,* 218 Ark. 106, 234 S. W. 2d 518. Although the requirement may be satisfied by the introduction of sworn testimony at the hearing on the motion, *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S. W. 2d 961, the trouble here is that no proof under oath was offered to sustain the motion to vacate the judgment."

See also *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50.

In the case before us, it does not appear that a written complaint or petition was filed praying the court to set aside its judgment; at least, no such pleading is reflected in the transcript. Nor does the docket sheet, which appears in the transcript, show that any written motion was filed seeking this relief. As pointed out, it is necessary that a written petition or complaint be filed, *and verified,* before one feeling aggrieved is entitled to relief, unless sworn testimony is taken at the hearing on the petition. The record does not reflect that any

sworn testimony was taken. It follows that the court was without jurisdiction to set aside the judgment of September 10, 1960, and that judgment should stand. The appeal is accordingly dismissed.