SEAY *v.* SEAY.

5-3671                                                    396 S. W. 2d 838

Opinion delivered December 13, 1965.

*Guy H. Jones,* for appellant.

*Felver A. Rowell, Jr.,* for appellee.

JIM JOHNSON, Associate Justice. This is a contested divorce defended on the ground of a prior valid divorce between the parties.

On February 24, 1964, appellee Sylvia Seay filed a petition for divorce, division of property and support in Conway Chancery Court against appellant George Seay. Appellant on March 6, 1964, filed a motion to dismiss, alleging the parties were divorced in Conway County on December 15, 1948, this divorce is a matter of record, and the parties have not remarried. Appellee amended her complaint alleging that the divorce pleaded by appellant was set aside by a joint petition of the parties, and that the divorce is a nullity and void because the parties had resumed their marriage prior to entry of the decree. Appellant answered, renewing his motion to dismiss, denying the divorce had ever been set aside and generally denying appellee's allegations. After taking appellant's discovery deposition on June 20, 1964, appellee obtained leave to amend her complaint. The unverified amendment alleged that the 1948 decree should be set aside for fraud of appellant in that when the parties were reconciled appellant represented to appellee that the then-pending divorce would be or had been dismissed, that the parties had lived together as husband and wife until February, 1964, and appellee did not learn of the 1948 decree until appellant's motion to dismiss was filed. The amendment further alleged that appellant was guilty of fraud in the procurement of the decree because it was obtained without disclosing the fact of reconciliation, at a time when the parties had resumed marital relations, and the decree was taken without notice to appellee.

The cause was heard by the court on November 3, 1964. In its final decree of January 4, 1965, the court set aside the 1948 decree for fraud of appellant, granted appellee a divorce for cruelty and general indignities, awarded her one-third of appellant's personal property and one-third for life of his real property, provided for sale of the real and personal property by the clerk of court, and ordered appellant to pay costs and attorneys fees.

For reversal of the adverse decree, appellant first urges that the 1948 decree was valid and the trial court therefore erred in overruling his motion to dismiss.

The facts relating to the prior divorce are sharply disputed. The great prepondernaace of the evidence, however, with little to the contrary, is that appellant lived with appellee as husband and wife for about sixteen years after the 1948 divorce decree was obtained by appellant. The trial court made the following findings of fact:

1. Appellant instituted the prior action.

2. Appellee signed a waiver of appearance.

3. Neither party appeared in court and the decree was rendered on ex parte depositions prepared in the office of appellant's then attorney.

4. There is only appellant's testimony that appellee ever received a copy of the decree.

5. Appellant and appellee's reconciliation, prior to the entry of the decree, was on appellant's representation that the divorce pending would be dismissed.

6. The original court file contains an unsigned order setting aside the decree, dated three days after the decree, although there is no docket entry indicating what action was taken.

7. A child and a step-child reared by the parties believed that the parties were married.

8. The parties lived together under the same roof as husband and wife for a number of years and neither remarried.

9. By appellant's own admission, the parties had marital relations as husband and wife during this period.

10. The parties had business transactions as husband and wife. In 1957 the parties mortgaged property and signed the mortgage and note as husband and wife.

From these findings the chancellor concluded that the 1948 decree was secret and based upon fraud. While it is difficult to accept the fact that appellee could remain unaware for sixteen years of a divorce decree rendered

against her, we cannot say on trial de novo on the record as abstracted that the court's decree is against the weight of the evidence.

This case seems to fall squarely within the rule succinctly stated in 17 Am. Jur., Divorce and Separation, § 500, p. 598:

"A fraud which occurs with surprising frequency in the situation where one spouse brings suit for divorce and then becomes or pretends to become reconciled with the defendant and states that he has dismissed or will dismiss the action, so that the defendant is induced to refrain from giving further attention to the matter. Later the plaintiff secretly takes a decree of divorce by default. In such cases the court will vacate the decree because of plaintiff's fraud, if the defendant applies for relief within due time after discovering the fraud." See also 130 A. L. R. 2d 1332.

Appellant next contends that appellee is barred by laches and estoppel from attacking the prior decree. Appellant's motion to dismiss, asserting the prior decree, was filed March 6, 1964. On April 2, 1964, appellee amended her complaint, attacking the validity of the prior decree. Having upheld the trial court's ruling that the prior decree was unknown to appellee until she learned of the motion to dismiss, it can hardly be said that appellee failed to act promptly in attacking the fraud within due time after discovering it. *Fair* v. *Fair,* 232 Ark. 800, 341 S. W. 2d 22.

Appellant's final point for reversal is that appellee's petition to vacate the decree was not verified, which was a fatal jurisdictional defect. It is undisputed that appellee's pleading was not verified. All of the allegations of the pleading were supported by sworn testimony at trial. Objection to the lack of verification was not made at trial, and under the circumstances cannot be raised for the first time on appeal. *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S. W. 2d 961.

Affirmed.