Donna GARVIN, Plaintiff,

v.

Clyde OSTERHAUS and Arlene Oster-
haus, d/b/a Return Courts, Madill, Okla-
homa, and Standard Gas Company, Inc.,
Defendants.

Marguerite GARVIN, Administratrix of
the Estates of Raymond C. Amerantes
and Virginia Amerantes, Plaintiff,

v.

Clyde OSTERHAUS and Arlene Oster-
haus, d/b/a "Return Courts", Madill,
Oklahoma, and Standard Gas Company,
a Corporation, Defendants.

Civ. Nos. 3737, 3788.

United States District Court
E. D. Oklahoma.

Oct. 8, 1954.

Thomas E. Shaw, Madill, Okl., J. N.
Tincher, Jr., and D. Stewart Oswalt,
Hutchinson, Kan., for plaintiffs.

James C. Hamill, Madill, Okl., Roy
Paul and Connor O. Montgomery, Du-
rant, Okl., for defendants.

WALLACE, District Judge.

The defendant in both of these cases,[1]
Standard Gas Company, has moved for
summary judgments based upon plain-
tiffs' prior motions to dismiss with preju-
dice as to the original co-defendants of
defendant gas company, Clyde Osterhaus
and Arlene Osterhaus, doing business as
Return Courts, Madill, Oklahoma, and
the Court's orders entered sustaining
such motions.[2]

1. These two companion cases Nos. 3737
and 3788 arose out of the same accident.

2. The order of dismissal in case No. 3737
(other than party plaintiff is identical
with the order in case No. 3788) provid-
ed: "Now on this 22nd day of June, 1954,
the same being one of the regular judi-
cial days of this Court, this matter comes

on for hearing upon the motion of the
plaintiff for an order dismissing this ac-
tion, only as to the defendants Clyde Os-
terhaus and Arlene Osterhaus, dba Re-
turn Courts, Madill, Oklahoma; the plain-
tiff appeared by one of her attorneys,
Thomas E. Shaw, Madill, Oklahoma, and
no other appearances were made; and
the Court, after examining the pleadings

■■ There is no question but what under Oklahoma law that a judgment on the merits entered and satisfied as to one of several joint tort-feasors serves to bar any future action against remaining tort-feasors, regardless of language in the judgment attempting to reserve unto the plaintiff the right to proceed against the remaining tort-feasors.[3] This rule finds root in the concept that there can be only one recovery for any one wrong and an attempt to prosecute a claim against remaining tort-feasor defendants after judgment and satisfaction as to other joint tort-feasors is an attempt to split the plaintiff's cause of action.[4]

However, in the instant cases, the judgments entered by the Court dismissing two of the alleged joint tort-feasors were not judgments on the merits wherein settlement agreements were approved by the Court and incorporated into final judgments in favor of plaintiffs, but were judgments entered sustaining plaintiffs' motions to dismiss, without regard to the merits, and which technically amounted to judgments in favor of the dismissed defendants and not the plaintiffs.[5]

on file herein, and after hearing argument of counsel for said plaintiff, and after being fully advised in the premises, doth find, conclude and order: The Court Finds that said plaintiff and each of said defendants, Clyde Osterhaus and Arlene Osterhaus, have entered into stipulation that said law suit, as to both causes of actions, shall be dismissed with prejudice as to said defendants, and that the plaintiff is reserving the right to proceed with said action against the defendant, Standard Gas Company, a Corporation. (sic) It Is, Therefore, Ordered, Considered, Adjudged And Decreed By The Court that said action, be and is hereby dismissed as to the defendants, Clyde Osterhaus and Arlene Osterhaus, dba Return Courts, Madill, Oklahoma, and each of the, (sic) with prejudice to the bringing of any future actions against either of said defendants."

3. In Sykes v. Wright, 1949, 201 Okl. 346, 205 P.2d 1156, the Court held that a judgment entered in a wrongful death action under Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for an amount agreed upon by parties, in which case liability was determined by court upon issues joined, constituted a full determination of cause of action, and upon satisfaction of judgment entered, cause of action was extinguished, though court in journal entry of judgment undertook to reserve to plaintiff the right to sue other joint tort-feasors as agreed upon by the parties in their contract of settlement. See also Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641; Eberle v. Sinclair Prairie Oil Co., 10 Cir., 1941, 120 F.2d 746.

4. Read Cain v. Quannah Light & Ice Co., footnote 3, supra.

5. Thus distinguish the case at bar from the three following cases: (1) Sykes v. Wright, footnote 3, supra, where at page 1159 of 205 P.2d the Court observed: " * * * The judgment entered in this case was upon the merits and issues joined by the pleadings. The judgment determined the amount all persons dependent on the deceased were damaged. This extinguishes the cause of action and no justiciable claim against others jointly and severally liable for the tort remains. (Citing authority.)" (2) Cain v. Quannah Light & Ice Co., footnote 3, supra, where at page 643, of 267 P. it was said: " * * * The question here involved is not a question of plaintiff's intention; it is a question of her legal right to split her cause of action, to apportion her damage, and to recover by separate actions separate portions thereof. Plaintiff had but one cause of action. This cause of action, of course, existed against all wrongdoers, but it was a single cause of action, and when suit was filed on this cause of action and damage in the sum of $7,500 claimed as her full damage, and such claim reduced to judgment, the cause of action then merged in the judgment, and the satisfaction of the judgment was a satisfaction and settlement of the cause of action." (3) Eberle v. Sinclair Prairie Oil Co., footnote 3, supra, where at page 749 of 120 F.2d Judge Phillips said: " * * * The administratrix might have entered into a compromise with McGeorge, dismissed her action against it, released McGeorge or convenanted not to sue McGeorge and reserved her right to sue Sinclair and Gray. Instead of following that course, the administratrix elected to enter into the contract compromising and settling her two single causes of action, received the sum stipulated in satisfaction thereof, and submitted the compromise to the court for its approval. The court by

The defendant's naked allegation that plaintiffs received a "substantial sum of money" in settlement at the time of plaintiffs' motions to dismiss the other defendants, with prejudice, does not establish that the plaintiffs' causes of action have resulted in judgment and satisfaction and therefore bar plaintiffs' claims against the instant defendant.

Defendant's motions for summary judgments should be overruled.

its judgment approved the compromise and settlement of the two causes of action and dismissed the action with prejudice. The judgment had the same effect as though it had been entered in favor of the administratrix for the stipulated amount and had then been satisfied upon the payment of that amount."