STEWART-MORRIS IMPLEMENT CO. *v.* KOENIG.

5-1062                                                   295 S. W. 2d 352

Opinion delivered November 19, 1956.

*Norton & Norton,* for appellant.

*Mann & McCulloch,* for appellee.

PAUL WARD, Associate Justice. Stated generally, the question presented by this appeal is: Does the trial court have discretionary power to set aside a judgment or decree rendered and entered at a previous term, where the motion to set aside the decree or judgment was filed during said previous term?

Most of the facts in this case are undisputed. On October 21, 1954, appellants filed a complaint in the Circuit Court of St. Francis County, asking judgment against appellee, F. S. Koenig, on a past due indebtedness arising out of the sale of merchandise. Appellee filed an answer on November 30, 1954, and a day or two later appellants filed a motion to make the answer more definite and certain. Following this there were several continuances or postponements until May 20, 1955 when the court entered a default judgment in favor of appellants and against appellee. On May 26, 1955 appellee filed a motion to vacate the judgment which had been rendered as before stated. On May 30, 1955 the statutory term of the circuit court expired. Later appellants filed a response to the motion to vacate and evidence was taken on the motion on June 8, 1955. Finally on February 15, 1956 the court announced its decision that the judgment rendered on May 20, 1955 should be set aside, and it was so ordered.

The question for our decision in this case is further simplified by the fact that appellee disclaims any attempt to proceed under the provisions of Ark. Stats. § 29-506, et seq. which set out 8 grounds or conditions under which a trial court is empowered, after term time, to vacate or modify a judgment.

The briefs by both parties present an able review of former decisions of this court relative to the power of a trial court, exclusive of the power granted in the statute above referred to, to set aside its decrees rendered at a prior term. It is ably insisted by appellants that the trial court has no such power and they say we have so

held, but it is just as ably insisted by appellee that the trial court does have this power and that it has never been explicitly denied by any of our decisions. After careful consideration of the arguments and decisions presented by each side we have arrived at the conclusion that the trial court has no such power, on its own discretion, to set aside such judgments after the lapse of the term at which they were rendered, and particularly that the trial court had no power in this case to set aside its judgment which was rendered in favor of appellants on May 20, 1955.

The recent decision of this court in the case of *Dobbs* v. *Dobbs,* 225 Ark. 397, 282 S. W. 2d 812, rendered October 17, 1955, is clearly in point and sustains appellants' contention in this case. There, a default divorce decree was entered during the April term of the court, and during the same term of the court the appellee filed a motion to set aside the decree. This motion was not presented to the court until the October term, at which time the chancellor set aside its original decree. On appeal this court reversed the trial court, using this language: ''Although the appellee's motion was filed during the April term of the court, the court's discretionary power to grant the motion ended with the lapse of the term and could not be revived even by consent.'' Appellee attempt to detract from the force and applicability of the *Dobbs* holding as applied to the facts in the case under consideration by calling to our attention that the cases cited in the *Dobbs* opinion bear only on the question of consent. It seems to us however that if the trial court has no power or authority ''even by consent'' it is all the more apparent that the trial court would have no such power in the absence of the consent of the litigants.

Authority for the conclusion reached in the *Dobbs* case, supra, is found in many of our former decisions. In *Coulter* v. *Martin,* 139 S. W. 2d 688, (not reported in the Arkansas Reports) it was stated: ''The contention of appellant is that the decree of January 24 became final when the term expired April 23 and that the court could not, at a subsequent term, modify the decree except in a

manner provided by law." In reply the court said: "Appellant correctly states the law to be that courts lose jurisdiction of judgments and decrees with lapse of the term at which they were rendered." In *Raymond* v. *Young*, 211 Ark. 577, 201 S. W. 2d 583, it was said: "The court lost control over the decree of July 23, 1946 with the ending of the April, 1946 term of court, and was without authority to vacate that decree at a subsequent term except in the manner, and upon the grounds, specified in Section 8246 and 8248, Pope's Digest, (Ark. Stats. § 29-506 and § 29-508) or by bill of review under the chancery practice. Many other cases could be cited to the same effect."

Appellee however interprets other decisions of this court as being in conflict with the rule which we have above announced but we think they are distinguishable in principle or fact. In *Metz* v. *Melton Coal Co.*, 185 Ark. 486, 47 S. W. 2d 803, the court set aside a default judgment after the term at which it was rendered where the motion was filed during term time. Apparently however the court in that case rested its decision on a statute which is not applicable here, as it appears from this language used by the court: "Our statute, however, expressly provides that a chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court, and he may do this by the consent of the parties . . ." There is language used in the case of *Wright* v. *Ford*, 216 Ark. 55, 224 S. W. 2d 50, which appears to support the contention of appellee, but the final determination of the case was in accord with the *Dobbs* case, supra. Another case which might seem to support appellee's contention is *Young* v. *Young, Guardian*, 201 Ark. 984, 147 S. W. 2d 736, but it was distinguished in the *Wright* case, supra, on the ground that a verified motion to vacate the judgment was filed during term time. Whether that distinction is valid it is not necessary for us to say at this time. The petition to vacate in the case under consideration was also verified but, as we see it, that circumstance is immaterial. The reason is that a verified petition could only show a partial compliance with

the statutory procedure required under Ark. Stats. § 29-506, referred to above, but appellee in this case disavows any intention or proceeding under that statute.

It is our conclusion therefore that the rule announced in the *Dobbs* case, supra, is controlling here, and that the trial court had no power or authority on February 15, 1956, to set aside its judgment rendered at a prior term of court on May 20, 1955, on a motion which was filed during said prior term of court.

Reversed.