COMMUNITY SAVINGS BANK *v.* PEARSON.

5-1469                                           310 S. W. 2d 12

Opinion delivered February 17, 1958.

*Rose, Meek, House, Barron & Nash* and *Stanley E. Price,* for appellant.

*A. R. Cooper,* for appellee.

SAM ROBINSON, Associate Justice. This suit was filed by appellants against appellees to foreclose a real estate mortgage. Appellees did not file an answer. A default judgment was rendered and the court ordered the property sold to satisfy the judgment. After the expiration of the term of court at which the judgment was rendered and the sale ordered, appellees filed a petition asking that the sale be postponed. The court granted the petition, and the mortgagees have appealed, contending that the effect of the court's action in staying the sale is to set aside the judgment rendered at the previous term of court; that the petition to stay the sale asserts no valid grounds for setting aside the decree of foreclosure and that the court is therefore without jurisdiction to make an order which in effect nullifies the foreclosure decree.

The petition to stay the sale was filed on May 6, 1957, and alleges that the decree was entered on April 4th and that the sale under the decree was set for May 8th. The petitioners further allege that they are unable to pay all of the past due installments on their note secured by the mortgage, but that they can pay $100 per month until such time as the past due installments have been paid in full.

On May 7th the court issued an order staying the sale until June 26th. On May 9th appellants filed a petition asking that the court set aside its order staying the sale. On May 31st there was a hearing on the matter of postponing the sale, and the court ordered that appellees pay into the registry of the court all past due monthly payments which became delinquent prior to the rendition of the decree and that in the event the mortgagors failed to make such payment into the registry of the court, the sale should be held on June 26th. On June 25th the court made an order reciting that the appellees had paid into the registry of the court all the arrearages on the notes secured by the mortgage, plus interest and costs, totalling $381.96, and the court ordered that the sale be postponed until the further orders of the court.

Undoubtedly it was not the intention of the court to require the mortgagors to pay into the registry of the court all of the arrearages and then permit the property to be sold to satisfy the judgment. In the decree the court had given effect to the acceleration clause in the mortgage, and to permit the mortgagors to make the monthly payments and thereby stay the sale indefinitely would amount to a modification of the judgment of foreclosure, and the court does not have jurisdiction to do this after the term has expired.

This does not mean that the court does not have jurisdiction to stay a sale when such action does not amount to the setting aside of the decree. Here no evidence was introduced to show the inexpediency of holding the sale as directed in the decree of foreclosure.

Appellees concede that they have no meritorious defense; they simply want an opportunity to catch up on the delinquent monthly payments and then make further payments in accordance with the terms of the note and mortgage. Though it is understandable that appellees would like to reinstate their contract in a satisfactory manner, it cannot be done by ignoring the law that a court cannot set aside or amend a judgment after the term has expired except on grounds which are not as-

serted in the case at bar. In *Stewart-Morris Implement Co.* v. *Koenig,* 226 Ark. 1001, 1004, 295 S. W. 2d 352, 353, the court quoted as follows from *Raymond* v. *Young,* 211 Ark. 577, 581, 201 S. W. 2d 583, 585: " 'The court lost control over the decree of July 23, 1946 with the ending of the April, 1946, term of court, and was without authority to vacate that decree at a subsequent term except in the manner, and upon the grounds, specified in Section 8246 and 8248, Pope's Digest (Ark. Stats. § 29-506 and § 29-508), or by bill of review under the chancery practice. Many other cases could be cited to the same effect'."

Reversed, with directions to proceed in a manner not inconsistent with this opinion.

GEORGE ROSE SMITH, J., not participating.