Albert Frank GENTRY, Plaintiff,

v.

Charles R. JETT, Defendant.

Civ. A. No. 1472.

United States District Court
W. D. Arkansas,
Fort Smith Division.

June 1, 1959.

Sam Sexton, Jr., Ft. Smith, Ark., Collins, Edwards, Core & Collins, De-Queen, Ark., for plaintiff.

Boyd Tackett, Texarkana, Ark., George Steel, Nashville, Ark., Shaw, Jones & Shaw, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The defendant, Charles R. Jett, has moved the court to dismiss the complaint of plaintiff, Albert Frank Gentry, and for cause has alleged:

1. That the complaint fails to state a claim upon which relief can be granted in that as shown therein the claim of plaintiff is based upon alleged damages for personal injuries received by him in an accident that occurred on June 22, 1958, near Tulsa, Oklahoma, when a truck belonging to the defendant and being driven by the plaintiff collided with a St. Louis-San Francisco Railway Company freight train at a crossing on Oklahoma State Highway No. 11;

2. That on October 3, 1958, the plaintiff filed suit No. 2340 in the Sebastian Circuit Court, Fort Smith District, against the railway company, in which he alleged that the accident was caused and occasioned by reason of the negligence of the railway company; that answer was filed to the complaint by the railway company and judgment was entered against the railway company and in favor of the plaintiff for $4,500 damages; and that said judgment was paid and satisfied in open court.

3. That the action of the plaintiff in filing suit against the railway company as a tort-feasor, in pursuing the same to a judgment, and obtaining satisfaction of the said judgment by payment thereof by the railway company is and constitutes a complete bar to any action upon the same cause or claim against this defendant as an alleged joint tort-feasor.

Upon the service and filing of the motion, the plaintiff moved for and was granted an extension of time to prepare a memorandum brief in opposition to the motion, and in response to the motion of the plaintiff for extension of time the court entered an order on March 4, 1959, allowing plaintiff 20 days "in which to prepare and file herein a brief in opposition to defendant's motion to dismiss."

Within the 20 days allowed the plaintiff for filing the brief in opposition to the motion of defendant, the plaintiff

filed a response in which he alleged that the motion to dismiss should be overruled for the reason that the judgment sought to be relied upon by the defendant was by appropriate order of the Sebastian Circuit Court, Fort Smith District, vacated and set aside on March 18, 1959.

Upon the filing by plaintiff of such response to the motion to dismiss, the defendant filed a reply to the response, in which he alleged that there had been certain developments bearing on and pertinent to the issue raised by the motion to dismiss which have occurred since the filing of the motion, of which the court should be apprised. The defendant then proceeded to set forth the developments that had occurred since the filing of the original motion. The developments referred to will be hereinafter enumerated.

Fed.R.Civ.P., 12(b) (6), 28 U.S.C.A., provides that the defense of failure to state a claim upon which relief can be granted may at the option of the pleader be made by motion.

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The same provision is made in 12(c), supra, when a motion for judgment on the pleadings is presented.

Fed.R.Civ.P., 56(c), provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

There is no genuine issue as to any material fact reflected by the record before the court. Thus the question to be determined is whether, upon the record before the court, the defendant is entitled to a summary judgment as a matter of law for the reasons shown in the record. In order to decide the question it is necessary to briefly set forth the contents of the record and, because of the extraordinary developments, the court feels that the contents should be set forth chronologically.

On February 11, 1959, the plaintiff filed his complaint herein, in which he alleged that he is a citizen and resident of the State of Texas, and that the defendant is a citizen and resident of the Western District of Arkansas.

That he, the plaintiff, on June 21, 1958, was employed by the defendant to drive defendant's 2-ton truck, loaded with 150 bushels of cucumbers, to Wichita, Kansas, and return the truck to Wickes, Arkansas, for an agreed consideration of $25; That the plaintiff drove the truck toward Wichita, Kansas, and while thus driving the truck near the city of Tulsa, Oklahoma, and while driving at a reasonable rate of speed, the brakes on the truck failed causing the said truck to collide with a Frisco freight train, and injuring the plaintiff. Then follows allegations of the injuries received.

The plaintiff further alleged that the truck which the defendant furnished him was equipped with defective brakes, and that the defendant had actual, positive knowledge that the brakes were defective and in need of repair, but that the defendant negligently failed and omitted to have the needed repair work done; that the nature of the brake defect was such that it could not be discovered by inspection by the plaintiff; that the defendant, although knowing that the brakes were defective, wholly failed, neglected and omitted to warn the plaintiff of the hidden defect in the brakes, and "that the negligence of the defendant in failing, neglecting and omitting to warn the plaintiff of the defective con-

dition of the brakes was the sole, direct and proximate cause of the accidental injuries sustained by the plaintiff."

The plaintiff prayed judgment against the defendant for a sum in excess of $10,000 for damages for personal injuries, loss of time, medical expenses, pain and suffering, and personal disfigurement.

Upon the service of summons issued on the complaint, the defendant filed his motion to dismiss as heretofore set forth, and attached to the motion a copy of a complaint which the plaintiff had filed at 11:00 a. m., on October 3, 1958, in the Sebastian Circuit Court against the St. Louis-San Francisco Railway Company to recover damages for the same accident or collision of the truck and the freight train.

In paragraph II of the complaint of plaintiff against the railway company, the plaintiff alleged:

"That on the 22nd day of June, 1958, plaintiff was driving a 1956 Chevrolet truck owned by Charles R. Jett of Wickes, Polk County, Arkansas, in a northerly direction on Oklahoma State Highway 11 approximately two miles east of the City of Tulsa, Oklahoma, when he was struck by a freight train owned and being operated by the defendant, St. Louis-San Francisco Railway Company, through its agents, servants and employees; that the said accident was the sole and proximate result of careless and negligent acts by the said agents, servants and employees of the defendant, St. Louis-San Francisco Railway Company, acting within the scope of their employment; that the said acts of negligence were as follows:

"(a) That said defendant, through its agents, servants and employees, carelessly and negligently failed to signal the approach of said freight train to said Oklahoma State Highway 11 as required by law.

"(b) That the defendant's servants, agents and employees carelessly and negligently failed to maintain a lookout as required by law.

"(c) That the defendant's agents, servants and employees carelessly and negligently operated said freight train at an excessive, unlawful and high rate of speed under the circumstances there existing.

"(d) That the defendant carelessly and negligently failed to maintain said crossing in proper condition and permitted it to be in a dangerous and hazardous state of repair.

"That the aforesaid careless and negligent acts were the sole proximate cause of the accident which occurred between the truck being operated by said plaintiff and the defendant's freight train, resulting in severe and permanent injuries to the plaintiff as hereinafter set forth more fully."

Also attached to the motion is a copy of the answer of the defendant, St. Louis-San Francisco Railway Company, to said complaint, filed in the Sebastian Circuit Court at 11:00 a. m., October 3, 1958, in which answer the defendant alleged:

" * * * that the accident in question was the sole proximate result of the careless and negligent acts of the plaintiff, Albert Frank Gentry in that he

"(a) carelessly and negligently failed to maintain a proper lookout;

"(b) carelessly and negligently operated his automobile at a high, unlawful and dangerous rate of speed under the circumstances existing;

"(c) carelessly and negligently failed to yield the right of way to the approaching train of the defendant;

"(d) carelessly and negligently failed to maintain his vehicle under proper control so as to be able to avoid said accident.

"That the aforesaid careless and negligent acts of the plaintiff were the sole proximate cause of said accident, or, in the alternative, were

a contributing cause and constitute contributory negligence equal or in excess of any negligence on the part of said defendant and bar any recovery by plaintiff herein."

Following the filing of the complaint and the answer, the court on the same date, October 3, 1958, entered a judgment which, omitting the formal parts, is as follows:

"Now on this 3rd day of October, 1958, this cause comes on to be heard, the plaintiff appearing in person and through his attorney, Sam Sexton, Jr., and the defendant appearing through its attorneys, Warner, Warner & Ragon, and both sides announcing ready for trial and agreeing that a jury be waived and all issues of fact being submitted to the Court sitting as a jury, the cause proceeds to trial on the pleadings, testimony of witnesses, exhibits and argument of counsel. And the Court being well and sufficiently advised finds the issues in favor of the plaintiff, Albert Frank Gentry, and against the defendant, St. Louis-San Franciso Railway Company, and finds that the plaintiff has incurred and will incur in the future medical and hospital expenses, loss of earnings, severe pain and suffering and mental anguish, and permanent disability and has been damaged by reason thereof and by reason of all other damages recoverable by law in the sum of $4500.00 by reason of the careless and negligent acts of the said defendant.

"It is therefore considered, ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant, St. Louis-San Francisco Railway Company, the sum and amount of $4500.00, together with all his costs herein expended.

"And it further appearing to the Court that the defendant, St. Louis-San Francisco Railway Company, has this day paid into the registry of the Court the aforesaid sum of $4500.00, together with all costs herein in full satisfaction of said judgment, said judgment is hereby satisfied in full and the defendant discharged."

Upon the entry of the judgment, the plaintiff personally satisfied the same by endorsing on the margin thereof the following:

"Satisfied in full this 3rd day of October, 1958.

/s/ Albert F. Gentry."

In the response of the plaintiff herein to the motion and its exhibits, as hereinbefore set forth, the plaintiff alleged that on March 18, 1959, at 9:28 a. m., he filed a motion in the Sebastian Circuit Court, Fort Smith District, to vacate the judgment that had been entered in his favor on October 3, 1958. The plaintiff attached to his response a copy of the motion to vacate the judgment, the response of the defendant railway company thereto, and the order of the court on the motion to vacate.

In the motion to vacate the plaintiff alleged:

"I

"That this Judgment was brought about by mutual mistake of the Plaintiff and Defendant herein and has resulted in unavoidable casualty to this Plaintiff.

"II

"That the Plaintiff herein tenders to the Court the sum of Forty-five Hundred Dollars (4500.00) which is the sum adjudged against the Defendant herein in favor of this Plaintiff."

The response of the defendant railway company to the motion to vacate was filed on the same date at 9:28 a. m., and in the response the railway company alleged:

"Defendant admits that this Judgment was brought about by mutual mistake of the Plaintiff and the Defendant herein and has resulted in unavoidable casualty to the Plaintiff. That the Plaintiff herein has tendered to the Court the sum of Forty-

five Hundred Dollars ($4500.00) which is the sum that was adjudged against Defendant herein in favor of the Plaintiff.

"Wherefore, Defendant prays that this Honorable Court make any and all Judgments and decrees that it deems required by the issues and the facts."

At 9:47 a. m., 19 minutes after the motion to vacate the judgment and response thereto had been filed, the court entered the following order:

"Order

"On this 18th day of March, 1959, is presented to this Court the Motion of the Plaintiff, Albert Frank Gentry, to vacate the Judgment entered by this Court in the above matter and it appears that an answer has been filed by the Defendant and the Court being well and sufficiently advised on the issues involved doth find that said Judgment was a result of a mutual mistake between the parties herein and resulted in unavoidable casualty to this Plaintiff.

"It is, therefore, considered, ordered, adjudged and decreed that the Judgment heretofore entered in this case be vacated."

Following the entry of the above judgment by the Sebastian Circuit Court, the defendant herein filed his reply to the response of the plaintiff to his motion to dismiss, and attached to the reply to the response to the motion to dismiss the following:

1. Certified copy of motion of plaintiff, Albert Frank Gentry, to vacate the judgment of the Sebastian Circuit Court, hereinbefore set forth.

2. A certified copy of the response of the defendant to said motion to vacate, which has heretofore been set forth.

3. A certified copy of the order or judgment of the court entered on the motion to vacate the judgment, heretofore set forth.

In addition to those three documents, the defendant herein attached to his reply to the plaintiff's response to the motion to dismiss the following:

1. A certified copy of amended complaint filed at 9:48 a. m., March 18, 1959, in the Sebastian Circuit Court, Fort Smith District, by the plaintiff herein, Albert Frank Gentry, and his wife, Dimple Joyce Gentry, against the railway company. In the amended complaint the plaintiffs alleged:

"I.

"Plaintiff, Albert Frank Gentry, reaffirms and restates the allegations contained in his original complaint herein filed.

"II.

"Plaintiff Dimple Joyce Gentry states that she is the wife of Albert Frank Gentry and was on all the dates mentioned in plaintiff Albert Frank Gentry's original complaint herein; plaintiff further adopts all of the allegations contained in plaintiff Albert Frank Gentry's original complaint filed herein, and further pleads that by reason of the careless and negligent acts on the part of the defendant, St. Louis-San Francisco Railway Company, as alleged in said original complaint herein filed, plaintiff, Dimple Joyce Gentry, suffered a loss of consortium and companionship and support from her husband, plaintiff Albert Frank Gentry, and that by reason thereof she sustained damages and will sustain further damages in the future in the total amount of $5000.00.

"Wherefore, plaintiffs, Albert Frank Gentry and Dimple Joyce Gentry, pray that they have and recover of and from the defendant, St. Louis-San Francisco Railway Company, the sum and amount of $25,-000.00 for plaintiff, Albert Frank Gentry, and $5000.00 for plaintiff, Dimple Joyce Gentry, together with all their costs herein expended and all other proper relief."

2. A certified copy of the answer of the defendant railway company, filed March 18, 1959, at 9:48 a. m., to the amended complaint, in which the railroad alleged:

"I.

"That it denies each and every material allegation contained in said complaint and in said amended complaint.

"II.

"Pleading further defendant states that the accident in question was the sole proximate result of the careless and negligent acts of the plaintiff, Albert Frank Gentry, in that he

"(a) Carelessly and negligently failed to maintain a proper lookout;

"(b) Carelessly and negligently operated his automobile at a high unlawful and dangerous rate of speed under the circumstances existing;

"(c) Carelessly and negligently failed to yield the right of way to the approaching train of the defendant;

"(d) Carelessly and negligently failed to maintain his vehicle under proper control so as to be able to avoid said accident;

"(e) Carelessly and negligently operated his vehicle in a defective and dangerous condition, to-wit, a truck equipped with defective brakes;

"That the aforesaid careless and negligent acts of the plaintiff, Albert Frank Gentry, were the sole proximate cause of said accident, or in the alternative, were a contributing cause and constitute contributory negligence equal to or in excess of any negligence on the part of said defendant and bar any recovery by plaintiff, Albert Frank Gentry, herein. That the plaintiff, Dimple Joyce Gentry, has a derivative cause of action, if any, and that her said cause of action is barred by the contributory negligence of the plaintiff, Albert Frank Gentry.

"Wherefore, having answered in full defendant prays that it be discharged forthwith, with all its costs herein expended."

3. A certified copy of the judgment of the court entered March 18, 1959, at 9:49 a. m., as follows:

"Precedent

"Now on this 18 day of March, 1959, this cause comes on to be heard, plaintiffs, Albert Frank Gentry and Dimple Joyce Gentry, appearing in person and through their attorneys, Sam Sexton, Jr. and Orville Ben Core, and the defendant appearing through its attorneys, Warner, Warner & Ragon, and both sides announcing ready for trial and agreeing that a jury be waived and all issues of fact being submitted to the court sitting as a jury, the cause proceeds to trial on the pleadings, testimony of witnesses, exhibits and argument of counsel, and the Court being well and sufficiently advised finds:

"That this cause first proceeded to trial on the 3rd day of October, 1958, and that at such first trial the court found in favor of the plaintiff, Albert Frank Gentry, and against the defendant, St. Louis-San Francisco Railway Company, and entered judgment in favor of said plaintiff in the amount of $4500.00; that said judgment was paid by said defendant; that thereafter plaintiff, Albert Frank Gentry, filed his motion to set aside said judgment on the grounds of mistake of fact of such nature as to constitute a vital defect in said judgment; that the defendant, St. Louis-San Francisco Railway Company, has not resisted said motion but has consented to said judgment being set aside and said cause being retried; that said plaintiff has therewith tendered into court the sum of $4500.00 previously received by him under the aforesaid

judgment of October 3, 1958; that from the evidence before this court consisting of the testimony of the plaintiffs, other witnesses and the argument of counsel and the exhibits heretofore referred to, it appears that the accident in question was the sole, proximate result of a defective condition, or conditions, in the truck which plaintiff, Albert Frank Gentry, was operating at the time of the accident, and that said accident was not caused or contributed to in any way by any negligence on the part of the St. Louis-San Francisco Railway Company, its agents, servants or employees. The Court therefore finds the issues in favor of the defendant, St. Louis-San Francisco Railway Company, and against the plaintiffs, Albert Frank Gentry and Dimple Joyce Gentry, and finds that the plaintiffs herein are not entitled to recover from the defendant, St. Louis-San Francisco Railway Company, and that said defendant should be discharged in full.

"It is therefore considered, ordered, adjudged and decreed that the plaintiffs, Albert Frank Gentry and Dimple Joyce Gentry, take nothing from the defendant, St. Louis-San Francisco Railway Company and that said defendant, St. Louis-San Francisco Railway Company be and it is hereby discharged in full, together with all its costs herein expended."

4. A certified copy of notice of appeal given by plaintiff, Albert Frank Gentry, filed March 18, 1959, at 9:49 a. m., as follows:

"Notice is hereby given that the Plaintiff, Albert Frank Gentry takes an appeal from the Judgment of the Circuit Court made and entered into in the above entitled cause herein on the 18 day of March, 1959.

"Given this 18 day of March, 1959."

5. A certified copy of dismissal of appeal filed by plaintiff on March 18, 1959, at 9:50 a. m., as follows:

"Comes now the Plaintiff, Albert Frank Gentry and states that on the 18 day of March, 1959, he filed a Notice of Appeal from the Judgment of this Court in the above case. That the plaintiff now comes and gives notice that he is dismissing his appeal in this case.

"Given this 18 day of March, 1959."

After all of those proceedings were had in the Sebastian Circuit Court, Fort Smith District, the plaintiff, Albert Frank Gentry, joined by his wife, Dimple Joyce Gentry, executed and delivered to the railway company on the same date a covenant not to sue, and in consideration of the execution of the covenant not to sue, the railway company either repaid to the plaintiff, Albert Frank Gentry, or permitted him to retain the $4,500 which had been paid to him in satisfaction of the judgment of October 3, 1958. The covenant not to sue is as follows:

"That we, Albert Frank Gentry and Dimple Joyce Gentry, for and in consideration of the sum of Four Thousand Five Hundred ($4500.00) Dollars to us in hand paid by St. Louis-San Francisco Railway Company, have released and discharged and do hereby for ourselves, our heirs, executors, administrators and assigns, release and forever discharge the said St. Louis-San Francisco Railway Company of and from all claims, demands, damages, actions or causes of action against the said St. Louis-San Francisco Railway Company on account of injuries sustained by the said Albert Frank Gentry while driving a truck which collided with a train operated by the agents, servants or employees of said St. Louis-San Francisco Railway Company approximately two miles east of the City of Tulsa, Oklahoma; and the said Dimple Joyce Gentry in consideration of the aforesaid payment releases and discharges the said St. Louis-San Francisco Railway Company from

731

any and all claims which she might have against said company arising out of the aforesaid accident and injuries to her husband, Albert Frank Gentry; it being the purpose and intent of this agreement not to release or settle any claim of the undersigned, Albert Frank Gentry and Dimple Joyce Gentry, against Charles R. Jett, or any other person other than said St. Louis-San Francisco Railway Company, its agents, servants and employees, for injuries sustained in said accident or losses occasioned thereby, and any such claim or cause of action against the said Charles R. Jett is hereby expressly reserved.

"For the same consideration we hereby covenant and agree to dismiss an appeal taken by us in the case of Albert Frank Gentry and Dimple Joyce Gentry vs. St. Louis-San Francisco Railway Company in the Sebastian Circuit Court, Fort Smith District, Arkansas, and further agree and covenant that we will not either singly or jointly bring any further action of any nature against the St. Louis-San Francisco Railway Company, its agents, servants or employees, on account of said collision and injuries sustained by us as a result thereof.

"Witness our hands this 18th day of March, 1959."

It is the contention of defendant that the substantive law of the State of Oklahoma, the place of the collision between the truck driven by plaintiff and a freight train of the St. Louis-San Francisco Railway Company, governs in the determination of the issues presented in the instant complaint of the plaintiff; that the plaintiff has had a full and complete satisfaction of his cause of action by filing the suit in the Sebastian Circuit Court, Fort Smith District, obtaining judgment and satisfaction of judgment on the same claim which he alleges against the defendant in the instant case; and that under the substantive law of Oklahoma the satisfaction of a judgment against one tort-feasor extinguishes the cause of action and bars a suit by the same plaintiff against another alleged tort-feasor on the same claim or cause of action.

■ In Alexander v. Inland Steel Company, 8 Cir., 1958, 263 F.2d 314 the court had under consideration the question of the applicable state law on the issue of submissibility of a case to the jury, and at pages 319–320 said:

"In disposing of this contention, the question arises at the outset as to whether the issue of submissibility is to be determined by the law of Kansas, where the cause of action arose, or the law of Missouri, the lex fori. The law of the forum governs in making this determination. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Illinois Fuel Co. v. Mobile & O. R. Co., 319 Mo. 899, 8 S.W. 2d 834, 838, certiorari denied 278 U.S. 640, 49 S.Ct. 34, 73 L.Ed. 555. The uncontroverted rule is that the lex loci controls the substantial aspects of torts, and governs as to all matters going to the basis of the right of action itself, 15 C.J.S. Conflict of Laws § 22; 11 Am.Jur. Conflict of Laws, § 14; Rhyne v. Thompson, Mo.Sup., 284 S.W.2d 553, 556; O'Leary v. Illinois Terminal Railroad Co. (Mo.Sup. en banc), 299 S. W.2d 873."

■ The plaintiff has alleged in his complaint that the collision between the truck and the freight train occurred in the State of Oklahoma. This being true, the substantive law of Oklahoma governs the substantive rights of the parties. The defendant herein was the owner of the truck which collided with the freight train, and under the common law a person having a cause of action may elect whom he will sue. The plaintiff elected to sue the railway company. He obtained a judgment. The judgment was paid, and the record satisfied on October 3, 1958. It is clear that the law of Oklahoma provides that there can be only one recovery for any one wrong, and that

an attempt to prosecute a claim against a remaining tort-feasor after judgment and satisfaction as to the other joint tort-feasors is improper as an attempt to split the plaintiff's cause of action. See Garvin v. Osterhaus, D.C.E.D.Okl.1954, 125 F.Supp. 729; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641; Eberle v. Sinclair Prairie Oil Co., 10 Cir., 1941, 120 F.2d 746, 135 A.L.R. 1494; City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434. In Garvin v. Osterhaus, supra, the court at page 730 of 125 F.Supp. said:

> "There is no question but what under Oklahoma law that a judgment on the merits entered and satisfied as to one of several joint tort-feasors serves to bar any future action against remaining tort-feasors, regardless of language in the judgment attempting to reserve unto the plaintiff the right to proceed against the remaining tort-feasors. This rule finds root in the concept that there can be only one recovery for any one wrong and an attempt to prosecute a claim against remaining tort-feasor defendants after judgment and satisfaction as to other joint tort-feasors is an attempt to split the plaintiff's cause of action."

In Cain v. Quannah Light & Ice Co., supra, the court at page 643 of 267 P. said:

> "In this case, plaintiff seeks to split her cause of action, apportion her damages, and recover part thereof in one action and a different part thereof in another action. This she cannot do."

In the Cain case, supra, the plaintiff had brought suit and upon an agreement for settlement, a judgment was entered and satisfied. She claimed the right to proceed against the defendant, Quannah Light & Ice Co., therefor because she had intended that the judgment only operate as a release, and she had not intended it to bar further claim against the defendant. At pages 643–644 of 267 P. the court said:

> "Plaintiff had but one cause of action. This cause of action, of course, existed against all wrongdoers, but it was a single cause of action, and when suit was filed on this cause of action and damage in the sum of $7,500 claimed as her full damage, and such claim reduced to judgment, the cause of action then merged in the judgment, and the satisfaction of the judgment was a satisfaction and settlement of the cause of action."

In City of Wetumka v. Cromwell-Franklin Oil Co., supra, the court at page 436 of 43 P.2d said:

> "Apparently all the authorities hold that plaintiff may pursue his remedy both individually and collectively against joint tort-feasors, and he may settle and compromise and receive pay from one joint tort-feasor without prejudice to his prosecuting his action against others, or he may obtain joint and several judgments against all joint tort-feasors, but the authorities are just as unanimous that when one or more judgments have been rendered against one tort-feasor, and that judgment is paid and satisfied in full, this operates as a release of all claims against other joint tort-feasors, except as to costs."

The court in Garvin v. Osterhaus, supra, in footnote 3 at page 730 of 125 F. Supp., commented on the case of Sykes v. Wright, 1949, 201 Okl. 346, 205 P.2d 1156, and stated:

> " * * * the Court held that a judgment entered in a wrongful death action under Federal Employers' Liability Act, 45 U.S.C.A., § 51 et seq., for an amount agreed upon by parties, in which case liability was determined by court upon issues joined, constituted a full determination of cause of action, and upon satisfaction of judgment entered, cause of action was extinguished, though court in journal entry of judgment undertook to reserve to plaintiff the right to sue other joint

tort-feasors as agreed upon by the parties in their contract of settlement."

In the complaint filed by the plaintiff in the Sebastian Circuit Court, Fort Smith District, the plaintiff alleged that the collision between the truck he was driving and the freight train of the railway company "was the sole and proximate result of careless and negligent acts by the said agents, servants and employees of the defendant, St. Louis-San Francisco Railway Company, acting within the scope of their employment." To this complaint the railway company filed its answer, and upon the issues joined by the complaint and the answer, the Sebastian Circuit Court, Fort Smith District, found "the issues in favor of the plaintiff, Albert Frank Gentry, and against the defendant, St. Louis-San Francisco Railway Company, and finds that the plaintiff has incurred and will incur in the future medical and hospital expenses, loss of earnings, severe pain and suffering and mental anguish, and permanent disability and has been damaged by reason thereof and by reason of all other damages recoverable by law in the sum of $4500.00 by reason of the careless and negligent acts of the said defendant."

Then follows the formal judgment in favor of the plaintiff against the railway company for $4,500, and on the same date that judgment was paid by the defendant and satisfied of record by the plaintiff.

In Leflar, Conflict of Laws, Sec. 77, pages 186–187 (1938), it is stated:

"It is sometimes true that, even though a defendant's conduct is tortious, some special element in the fact situation may prevent a cause of action from coming into existence. It is clear that, for a tort action to be maintainable anywhere, there must be a good cause of action existent under the law of the place where the alleged tort occurred. Thus the fact that the parties are husband and wife in some states prevents one from having a tort cause against the other. If the facts took place in such a state, no action could be maintained even in a state which did allow such actions, because under the properly governing law no cause of action would exist. The same would be true as between a plaintiff guest and his host, if the alleged cause of action arose in a state having a so-called host-guest statute. Alleged vicarious liability is similar; one person will be liable in tort for another's acts only as the law of the place where the event occurred makes him so. By the same token, if that state imposes any special condition to the coming into existence of a cause of action, that condition must be complied with before action can be maintained anywhere. It is obvious also that the question of who owns the cause of action for tort is to be determined by the same law."

In Restatement, Conflict of Laws, the same principle is stated in Sec. 389, as follows:

"A liability to pay damages for a tort can be discharged or modified by the law of the state which created it."

The plaintiff in his complaint in the instant case alleged that the defendant is engaged in the produce business at Wickes, Arkansas; that he buys produce from farmers, packages, and sells it to wholesale produce companies in Dallas, Oklahoma City, Tulsa, and other large cities; that as a part of the business the defendant is required to transport or arrange for transportation of the packaged produce from Wickes, Arkansas, to the purchaser's place of business; that on June 21, 1958, he entered into an oral contract with the plaintiff whereby he was to drive the defendant's truck from Wickes, Arkansas, to Wichita, Kansas, and deliver a load of cucumbers; that pursuant to the terms of the contract of employment, the plaintiff took charge of the truck, and while driving the same near the City of Tulsa, Oklahoma, a collision occurred between the truck and the Frisco freight train; that the truck which the defendant furnished to the

plaintiff and which the plaintiff was driving was equipped with defective brakes, and the defendant had actual, positive knowledge that the brakes were defective and in need of repair, but that the defendant negligently failed and neglected to have the needed repair work done; that the defendant, although knowing that the brakes were defective and in need of repair, wholly failed, neglected and omitted to warn the plaintiff of the hidden defect in the brakes; and that the negligence of the defendant in failing, neglecting and omitting to warn the plaintiff of the defective condition of the brakes was the sole, direct and proximate cause of the collision between the truck and the freight train.

It would seem from that allegation that all the alleged negligent acts of the defendant occurred in Arkansas, but the damage was done in the State of Oklahoma. Negligence alone is not a tort, but a cause of action arises as a result of a negligent act when combined with an injury.

In Goodrich, Conflict of Laws, Sec. 93, at page 263, the author states in a headnote:

"The 'locus delicti', or place of wrong, is the place where the last event necessary to make an actor liable for an alleged tort occurs."

In the text it is stated at pages 263–264:

"Some difficulty may be encountered in determining the locus delicti. Suppose the defendant carelessly does an act in state A which results in harm to the plaintiff in state B. The law of B controls. The plaintiff does not sue the defendant for the latter's negligence, but because the negligence has caused the plaintiff harm. The tort is complete only when the harm takes place, for this is the last event necessary to make the actor liable for the tort. It is the law of the state where this happens which determines whether the harm suffered by the plaintiff is of the sort for which he may recover in an action for damages. Thus, if the defendant in state A fires a gun injuring the plaintiff in state B, the locus delicti is B. Similarly, if the defendant makes a fraudulent representation the place of wrong is not where the fraudulent representation was made, but where the plaintiff as a result thereof suffered a loss. Again, if the defendant slanders the plaintiff, the place of wrong is where the defamatory statement was heard by a third person, and not the place where the slander was uttered. A somewhat similar question arises when an action is brought to recover damages under a death by wrongful act statute. Suppose the defendant, by a negligent act done in state A, starts a force which injures the victim in state B, from which he subsequently dies in state C. Under the statute of which state is an action for damages for the death to be brought? The weight of authority is that the law of B, where the injury takes place, must give the right if recovery is to be had, though the death of the injured party is a condition precedent to its accrual."

Cameron v. Vandergriff, 1890, 53 Ark. 381, 13 S.W. 1092, was a suit in which the appellee recovered a judgment against the appellants for damages on account of personal injuries suffered by appellee, occasioned by the negligence of appellants while engaged in blasting rock near where the appellee was at work. On page 386 of 53 Ark., on page 1093 of 13 S.W. the court said:

"The rock which occasioned the injury was put in motion by the appellants in the Indian Territory; but, by the same force its motion was continued and the injury done in this state. The cause of action arose here."

In Leflar, Conflict of Laws, Sec. 78, page 187 (1938), the author states:

"The orthodox rule, with torts as with crimes, is that when an act operates across a state line its legal character is determined by the law

of the place where it takes effect or produces the result complained of."

Here the alleged tort was committed in Oklahoma, and the Oklahoma law as to the existence or nonexistence of a cause of action governs.

■ This is not an action for contribution between joint tort-feasors, but the plaintiff's position is analogous to that of one making such a claim for contribution in that the plaintiff here sues one who is allegedly a joint tort-feasor. Thus the decisions relating to claims for contribution may be helpful in further demonstrating that the controlling law on the plaintiff's right to recover is the law of the place where the tort occurred. See Northwest Airlines, Inc. v. Glenn L. Martin Co., D.C.Md.1958, 161 F.Supp. 452; Annotation 11 A.L.R.2d at pages 236–240. The procedural methods of enforcing the right of contribution, of course, are determined by the law of the forum. Kravas v. Great Atlantic & Pacific Tea Co., D.C.W.D.Pa.1939, 28 F. Supp. 66. But the right of contribution itself is substantive and where under governing state law there is no right to contribution between tort-feasors, a party sued for a tort may not file a third-party complaint. Cf. Baltimore & O. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481; Wolfe v. Johnson, D.C.W.D.Va.1958, 21 F.R.D. 280. Likewise here, the substantive right to recover against the alleged joint tort-feasor must be governed by the law of the place of the alleged tort, and if no right is provided by that law, then the plaintiff may have no recovery, notwithstanding procedural facilities which may be available.

■ The plaintiff contends that the judgment entered by the Sebastian Circuit Court, Fort Smith District, on October 3, 1958, and satisfied by the payment on the same date, was vacated and set aside by said court on March 18, 1959, and that, since the original judgment was vacated and set aside, the original judgment and satisfaction thereof does not bar the instant suit. The fact remains, however, that the plaintiff sued a joint tort-feasor, the St. Louis-San Francisco

Railway Company, in Arkansas, obtained a judgment, and that judgment was paid and satisfied on October 3, 1958. The satisfaction of that judgment released the defendant, Charles R. Jett, of liability for the alleged tort. It cannot be doubted that under the law of Oklahoma the defendant remained released from all liability from October 3, 1958, until March 18, 1959, a period of five and one-half months, until the Sebastian Circuit Court attempted to vacate and set aside the satisfied judgment of October 3, 1958. Thus, the question is whether the liability of the defendant to suit as a joint tort-feasor for tort committed in Oklahoma is reinstated by the alleged judgment of the Sebastian Circuit Court, Fort Smith District, entered March 18, 1959.

The defendant contends that the effort to vacate and release the original judgment and thus reinstate a cause of action against him is of no effect, and that the action of the Sebastian Circuit Court, Fort Smith District, on March 18, 1959, is coram non judice and void.

■ Ark.Stat.Ann., Sec. 22–310 (1947), provides that the Sebastian Circuit Court shall hold three terms per year, beginning on the first Monday of February, June and October. The original judgment was rendered October 3, 1958, and the term at which it was entered expired on the first Monday of February 1959. Thus, the order of March 18, 1959, attempting to vacate the original judgment of October 3, 1958, was entered during the February 1959 term of the Sebastian Circuit Court, Fort Smith District. With the lapse of the term at which the judgment was entered, the court lost jurisdiction, and the court did not have jurisdiction to vacate or set aside a judgment entered in a former term except in accordance with the statute authorizing such action. Ark.Stat. Ann., Sec. 29–506 (1947), is as follows:

"Grounds for vacating or modifying judgment by trial court.—The court in which a judgment or final order has been rendered or made, shall have power, after the expira-

tion of the term, to vacate or modify such judgment or order,

"First. By granting a new trial for the cause, and in the manner prescribed in section 375 [§ 27–1906].

"Second. By a new trial granted in proceedings against defendants constructively summoned, as prescribed in Chapter I, of Title X [§§ 27–1907—27–1910].

"Third. For misprisons [sic] of the clerk.

"Fourth. For fraud practiced by the successful party in the obtaining of the judgment or order.

"Fifth. For erroneous proceedings against an infant, married woman or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"Sixth. For the death of one of the parties before the judgment in the action.

"Seventh. For unavoidable casualty or misfortune preventing the party from appearing or defending.

"Eighth. For errors in a judgment shown by an infant in twelve (12) months after arriving at full age, as prescribed in section 423 [§ 29–117]. [Civil Code, § 571; C. & M. Dig., § 6290; Pope's Dig., § 8246.]"

In the motion to vacate the plaintiff alleged:

"That this Judgment was brought about by mutual mistake of the Plaintiff and Defendant herein and has resulted in unavoidable casualty to this Plaintiff."

It will be noted that the ground alleged by plaintiff to sustain the motion to set aside and vacate the judgment does not in any manner comply with the statute. The nearest of the grounds that appear in the statute to the allegations contained in the motion to vacate and set aside the judgment is that of unavoidable casualty. However, the statutory provision is "for unavoidable casualty or mis-

fortune preventing the party from appearing or defending."

The plaintiff was not prevented from appearing in the action in which the judgment was rendered, and an examination of the proceedings at the time shows that the plaintiff was present in person and by his attorneys and participated in the proceedings and received payment of the judgment and proceeded to satisfy the judgment.

In Christopher v. Christopher, 1948, 212 Ark. 713, at page 715, 207 S.W.2d 718, at page 719, the court said:

"Of course, after the lapse of the term, Mattie Christopher could have the decree set aside (by the procedure here attempted) only by establishing one of the grounds stated in Sec. 8246, Pope's Digest, and only by verifying her complaint and alleging a meritorious defense as provided in Section 8248, Pope's Digest. As heretofore stated, she finally brought her pleadings within the legal requirements of these sections."

The sections above referred to are Sections 29–506 and 29–508, respectively, of Arkansas Statutes, Annotated (1947).

In Stewart-Morris Implement Co. v. Koenig, 1956, 226 Ark. 1001, 295 S.W. 2d 352, the court held that a trial court has no discretionary power to set aside a judgment or decree entered at a previous term even though the motion to set the judgment or decree aside was filed during the term the judgment or decree was entered.

In Mayor and Aldermen of City of Little Rock v. Bullock, 1845, 6 Ark. 282, the court said:

"This case comes within the rule laid down in Smith v. Dudley, 2 Ark. [60] 66; Walker v. Jefferson, 5 Ark. 23, and Ashley v. Hyde & Goodrich, [6 Ark.] 92. After the term at which the judgment by default, and writ of inquiry, and final judgment were rendered thereon, the cause was no longer under the jurisdiction and control of the court, or the parties. The court not having the power to

reopen the cause, it could not be done by the consent of the parties, for consent cannot confer jurisdiction. All the proceedings had in this cause subsequent to the final judgment at the March term, 1840, must be considered as coram non judice, and therefore void. The appeal not having been taken at the term at which that judgment was rendered, the same must be dismissed."

The rule as announced in the Bullock case is still the law of Arkansas. See Robertson v. Cunningham, 1944, 207 Ark. 76, 178 S.W.2d 1014; Raymond v. Young, 1947, 211 Ark. 577, 201 S.W.2d 583; Dobbs v. Dobbs, 1955, 225 Ark. 397, 282 S.W.2d 812; Stewart-Morris Implement Co. v. Koenig, supra; Bradley v. Keith, 1957, 227 Ark. 1107, 305 S.W.2d 134.

The latest expression of the Supreme Court of Arkansas on the power of a court to set aside a judgment rendered at a prior term appears in Fullerton v. Fullerton, Ark., 323 S.W.2d 926. There the court said:

"The Chancery Court terms for Pulaski County commence the first Monday in April and the first Monday in October. Appellee obtained her divorce decree during the April term and the order directing appellant to vacate the property was entered during the following October term. We have many times held that a court is without authority to set aside or modify its decrees after the lapse of the term in which they were entered, except upon statutory grounds."

■ Since the judgment attempting to vacate and set aside the original judgment of October 3, 1958, is void, it may be attacked collaterally. In Laflin v. Drake, 1951, 218 Ark. 218, at pages 221–222, 237 S.W.2d 32, at page 34, the court said:

"Of course, if the order, judgment, or decree is void it may be attacked collaterally. McDonald v. Fort Smith & Western Railroad Co., 105

Ark. 5, 150 S.W. 135. In collateral attacks facts relied upon to avoid consequences of a judgment or decree must appear upon the face of the record. The record includes all of the pleadings, Morrison v. St. Louis & S. F. R. Co., 87 Ark. 424, 112 S.W. 975. It also includes exhibits when they are made a part of the pleadings, McMillan v. Morgan, 90 Ark. 190, 118 S.W. 407."

■ The facts showing that the judgment of March 18, 1959, is void appear on the face of the record and show conclusively that the Sebastian Circuit Court, Fort Smith District, did not have jurisdiction to enter the judgment of March 18, 1959. When the plaintiff recognized that the satisfaction of the judgment of October 3, 1958, barred the instant suit, he undertook, with the apparent cooperation of the railroad company, to have that judgment vacated and set aside. The record reflects remarkable speed in the proceedings after they were instituted for the purpose of setting aside the judgment, but the consent of the plaintiff and the railroad company did not and could not give the court jurisdiction to set aside the judgment. The only grounds upon which the court could set aside the judgment after the lapse of the term at which it was entered were upon the statutory grounds, and a mere reading of the statute hereinbefore set forth convinces the court that the action of the Sebastian Circuit Court, Fort Smith District, was not based upon statutory grounds and, therefore, the judgment of March 18, 1959, is void and of no effect.

Here the governing substantive law is that of Oklahoma. The law is plain as to the effect of the judgment against one of two tort-feasors. The rights and liabilities of the parties were fixed as of the time of the collision between the truck and the freight train. Under the law of Oklahoma the plaintiff's claim or cause of action against the defendant ceased to exist when he voluntarily chose to sue a joint tort-feasor, obtain a judgment, and to satisfy that judgment.

The judgment of the Sebastian Circuit Court, Fort Smith District, attempting to vacate and set aside that judgment does not restore to plaintiff his right to maintain the instant action against the defendant, and the defendant is entitled to a judgment dismissing the complaint of the plaintiff. Accordingly, a judgment sustaining the motion to dismiss and dismissing the complaint is being entered today.