**Albert Frank GENTRY, Appellant,**

v.

**Charles R. JETT, Appellee.**

**No. 16304.**

United States Court of Appeals
Eighth Circuit.

Jan. 12, 1960.

Case submitted on the record and briefs without oral argument.

Before GARDNER, WOODROUGH, and VOGEL, Circuit Judges.

GARDNER, Circuit Judge.

This was an action to recover damages for personal injuries suffered by appellant. The facts, so far as pertinent to the issues raised on this appeal, are substantially as follows. Appellant, as an employee of appellee, was driving a truck loaded with cucumbers from Wickes, Arkansas, bound for Wichita, Kansas. At a railroad crossing near Tulsa, Oklahoma, his truck came in collision with a freight train of the St. Louis-San Francisco Railway Company, resulting in serious personal injury to appellant. He thereafter brought action in the Sebastian Circuit Court, Fort Smith District, State of Arkansas, against the railway company and in his complaint alleged:

"* * * that the said accident was the sole and proximate result of careless and negligent acts by the said agents, servants and employees of the defendant, St. Louis-San Francisco Railway Company, acting within the scope of their employment; that the said acts of negligence were as follows:

"(a) That said defendant, through its agents, servants, and employees, carelessly and negligently failed to signal the approach of said freight train to said Oklahoma State Highway 11 as required by law.

"(b) That the defendant's servants, agents and employees carelessly and negligently failed to maintain a lookout as required by law.

"(c) That the defendant's agents, servants and employees carelessly and negligently operated said freight train at an excessive, unlawful and high rate of speed under the circumstances there existing.

"(d) That the defendant carelessly and negligently failed to maintain said crossing in proper condition and permitted it to be in a dangerous and hazardous state of repair

"That the aforesaid careless and negligent acts were the sole proximate cause of the accident which occurred between the truck being operated by said plaintiff and the defendant's freight train, resulting in severe and permanent injuries to the plaintiff as hereinafter set forth more fully."

The railway company by its answer denied all acts of negligence attributable to it and alleged that the accident was caused solely by the acts of negligence of the plaintiff in that action or in the alternative that the plaintiff was guilty of such contributory negligence as to bar his right of recovery.

The action was tried to the court without a jury, a jury being waived, and resulted in findings and judgment in favor of the plaintiff in that action and against the St. Louis-San Francisco Railway Company in the sum of $4,500.-00. Upon the entry of the judgment the railway company paid the judgment in full and the plaintiff personally satisfied the same by endorsement. The appellee herein was not joined with the railway company in the action in which plaintiff recovered judgment.

Some four months subsequent to the recovery of judgment against the St. Louis-San Francisco Railway Company, appellant brought this action in the United States District Court for the Western District of the State of Arkansas against appellee, the owner of the truck which appellant was driving at the time of the accident as appellee's employee. Hereinafter, we shall refer to the parties in this second action as plaintiff and defendant, respectively.

In his complaint in the instant action plaintiff alleged that the accident resulting in his injuries was caused by the negligence of defendant, in that:

"* * * the truck which defendant furnished to the plaintiff by the terms of the contract previously mentioned was equipped with defective brakes and the defendant had actual, positive knowledge that the brakes were defective and in need of repair, but that the defend-

ant negligently failed and omitted to have the needed repair work done. * * * That the defendant, although knowing that the brakes were defective and in need of repair, wholly failed, neglected and omitted to warn this plaintiff of the hidden defect in the brakes and that the negligence of the defendant in failing, neglecting and omitting to warn the plaintiff of the defective condition of the brakes was the sole, direct and proximate cause of the accidental injuries sustained by the plaintiff."

In due course defendant interposed a motion to dismiss the action on the following grounds:

"I. That the complaint fails to state a claim upon which relief can be granted; that as shown by the complaint filed herein, this suit is based upon alleged damages for personal injuries received by the plaintiff in an accident that happened on June 22, 1958, near Tulsa, Oklahoma, when the truck belonging to the defendant, Charles R. Jett, and being driven by the plaintiff, Albert Frank Gentry, collided with a freight train at a crossing on Oklahoma State Highway No. 11, said freight train being a train of the St. Louis-San Francisco Railway Company.

"II. That on October 3, 1958, the plaintiff filed his suit in the Sebastian Circuit Court, Fort Smith District, being case No. 2340, against the St. Louis-San Francisco Railway Company in which he alleged the same cause of action for damages, alleging in said suit that the accident was caused and occasioned by reason of the negligence of the defendant railway company. That answer was filed thereto by the railway company and judgment was taken against the railway company and in favor of the plaintiff for his damages in the sum of Four Thousand Five Hundred ($4,500.00) Dollars, and said judgment was paid and satisfied in open court. A certified copy of the transcript of the said case, including the complaint, answer and satisfied judgment, are attached hereto and collectively marked Exhibit 1 and made a part hereof, the same as if copied at length herein.

"III. That the action of the plaintiff in filing suit against the defendant railway company as a tort feasor, pursuing the same to judgment and obtaining satisfaction of said judgment by payment thereof, is and constitutes a complete bar to any action upon the same cause of action against this defendant as an alleged joint tort feasor.

"Wherefore, defendant prays that the complaint of the plaintiff be dismissed."

This motion was treated as a motion for summary judgment and was sustained by the court and a judgment was entered dismissing the complaint. Gentry v. Jett, D.C., 173 F.Supp. 722.

From the judgment so entered plaintiff prosecutes this appeal, seeking reversal on the ground that the court erred in holding that the liability of the defendant should be determined by the law of Oklahoma, where the accident occurred, rather than by the law of Arkansas, where the action was tried.

■ This action is to recover damages resulting from one accident which occurred in the State of Oklahoma. In his action against the railway company plaintiff alleged that it was caused solely by the negligence of the railway company. In his second action plaintiff alleged that the accident resulted solely by the negligence of the defendant Charles R. Jett. If we consider the two complaints together, and consider them most favorably to the plaintiff, it could be said that the two defendants in these separate actions were joint tort feasors. There was but one accident, caused by one tort, which inherently gave rise to one cause of action. The action was indivisible and could not be tried piece-

meal. This, we believe, is the substantive law of the State of Oklahoma, where the accident in the instant case occurred. Eberle v. Sinclair Prairie Oil Co., 10 Cir., 120 F.2d 746, 135 A.L.R. 1494. Plaintiff elected to sue St. Louis-San Francisco Railway Company, one of the joint tort feasors. He recovered judgment compensating him for all injuries resulting from the one single, indivisible tort. Eberle v. Sinclair Prairie Oil Co., supra; City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434; Garvin v. Osterhaus, D.C., 125 F.Supp. 729; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641.

In Eberle v. Sinclair Prairie Oil Co., supra [120 F.2d 748], a case arising in Oklahoma, it is, among other things, said:

"A person injured by a joint tort has a single and indivisible cause of action. He may proceed against the wrongdoers either jointly or severally and may recover a judgment or judgments against all, but he can have but one satisfaction of his single cause of action. Neither may he split his cause of action."

Plaintiff had a right to maintain this action against one of the tort feasors, not on the theory that it was liable for the other tort feasor's act, but because its own act was regarded as the proximate cause of the entire injury. Miller v. Union Pacific R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285. It is conceded by both parties in the instant case that the substantive law of the state where the accident happened controls. The trial court was of the view that the applicable law was substantive and not procedural and we are of the view that the court was correct in so holding. In Gentry v. Jett, supra [173 F.Supp. 730], the trial court said:

"The plaintiff has alleged in his complaint that the collision between the truck and the freight train occurred in the State of Oklahoma. This being true, the substantive law of Oklahoma governs the substantive rights of the parties. The defendant herein was the owner of the truck which collided with the freight train, and under the common law a person having a cause of action may elect whom he will sue. The plaintiff elected to sue the railway company. He obtained a judgment. The judgment was paid, and the record satisfied on October 3, 1958. It is clear that the law of Oklahoma provides that there can be only one recovery for any one wrong, and that an attempt to prosecute a claim against a remaining tort-feasor after judgment and satisfaction as to the other joint tort-feasors is improper as an attempt to split the plaintiff's cause of action."

We conclude that the contention that the controlling law is procedural and hence the law of Oklahoma is not controlling is without merit. Mosby v. Manhattan Oil Co., 8 Cir., 52 F.2d 364, 77 A.L.R. 1099.

Neither is there any merit in the contention that the court erred in failing to give full faith and credit to the Arkansas judgment in Albert Frank Gentry v. St. Louis-San Francisco Railway Company. The short answer to that contention is that there is no identity of parties plaintiff and defendant in the State Circuit Court and the parties plaintiff and defendant in this case.

As the views herein expressed require an affirmance of the judgment appealed from, a discussion of the other questions urged by the plaintiff would unduly extend this opinion and serve no useful purpose, but we have given careful consideration to them and think they are without merit. We are convinced that the trial court committed no prejudicial error in the trial of this case. The judgment is therefore affirmed.